McLEOD *v*. DIAL.

Opinion delivered October 17, 1896.

LICENSE—REVOCABILITY.—Where a landowner grants to another the right to enter upon the land and cut and remove trees growing thereon, the license to enter upon the land is annexed to the grant of the trees, and is not revocable.

LIFE TENANT—RIGHT TO CUT TREES.—A life tenant has no right to cut trees growing upon the land, or to allow them to be cut, except so far as is necessary to the proper enjoyment of his life estate, in conformity with good husbandry, so as not to materially lessen the value of the inheritance.

Appeal from Cleveland Circuit Court in Chancery.

M. L. HAWKINS, Judge.

*Met L. Jones*, for appellant.

1. Land may be divided into its composite elements, so that one may own the trees, another the soil, and another the mines beneath. Tiedeman, Real Property, 10. A sale of trees, if it satisfies the statute of frauds *by being in writing*, gives the vendee the right of property in the standing trees, with a right to enter on the land for the purpose of cutting and transporting them. 22 Wis. 544; 20 *id.* 516; 61 Pa. 297; 1 Denio, 550; 11 Allen, 144; 2 Barb. 613.

2. Dial had notice of the sale, and is bound. 16 Ark. 543; 28 Ark. 543; 27 *id.* 561; 30 *id.* 111; 33 *id.* 385.

*D. H. Rousseau*, for appellee.

1. The contract is not a conveyance of real estate, or any interest therein, but is merely an executory privilege or license to enter and cut timber. 11 Mass. 553; 15 Gray (Mass.), 62; 10 Conn. 375; 2 Am. Lead. Cases, 540; Tiedeman, Real Prop. 651. The record of such an instrument imparts no notice to a purchaser for value. Simpson did not part with his right of dominion, and had the right to enter and cut timber, and he cannot be enjoined. 57 N. H. 217; 12 Am. Rep. 80; 6 Hill (N. Y.), 61; 19 N. J. Eq. 154. The only remedy was an action for breach of contract, by revocation of the license. 5 Barn. & Cr. 221; 11 Metc. (Mass.) 251; 23 Conn. 223; 29 N. Y. 630; 34 N. Y. 20.

2. McLeod is estopped by his acts and conduct. 33 Ark. 465.

3. The conveyance by Simpson to Dial operated as a revocation of the license to McLeod. 13 M. & W. 838; 37 Eng. Law & Eq. 489; 2 Gray, 302; 13 N. H. 264; 113 Mass. 103; 18 Am. Rep. 455; 38 Mo. 599; 20 Wis. 516; Tiedeman, Real Prop. 562; 11 Allen (Mass.) 141; 4 C. E. Green (N. J.), 142; 57 Ark. 215.

4. Timber is not emblements. The life tenant cannot commit waste. Tiedeman, Real Prop. 72, 74; 2 Blackst. Com. 120; Washb. Real Pr. 141.

BATTLE, J. Two sisters, Margaret and Leonora Little, owned a certain tract of land in fee. While they owned the land, Margaret married S. A. Simpson, and Leonora, Thomas S. Dykes. Leonora conveyed her one undivided half interest to S. A. Simpson; and Margaret died, intestate, leaving her husband and three minor children, the offspring of her marriage, her surviving. Afterwards, on the 15th of September, 1886, Simpson executed to George W. McLeod an instrument of writing, which, as it appears in the record here, with

many words unintentionally omitted, is in the words and figures following, towit:

"This deed, made the 15th day of September, 1886, and between S. A. Simpson, of the county of Jefferson and State of Arkansas, party of the first part, and George W. McLeod, party of the second part, witnesseth: That the party of the first part, for the consideration hereinafter set forth, has given, granted and conveyed, and by these presents does give, grant, and convey unto the party of the second part, and its assigns, the *exclusive* privilege for ten years to cut, haul away, and remove pine, oak, hickory and other trees from the land in said counties of Jefferson and Cleveland, described as follows, S. E. ¼ of section 33, township 17 S., range 10 W.; the N. ½, N. E. ¼ of section 4, township 8 S., range 10 W.; and to effect the object of the part aforesaid the second party and its assigns, their agents, servants, and employees, with wagons and teams, shall have free first party over which it may be necessary to pass to effect said object, with right of way not exceeding fifty feet wide for the construction of such railway tracks as they may decide to build and operate through the land described; and the second party has paid to the first party in full compensation for the rights and privileges aforesaid the sum of one hundred dollars, the receipt of which is hereby acknowledged, the first party waiving and releasing all claims for damage its milling business, and will remove such only as it may consider suited thereto.

"In witness whereof the said of the first part hereunto set their hands and seals the day and year first above written.

[Signed]                              "S. A. SIMPSON."

Simpson was appointed guardian of his children; and he procured an order of the probate court of Jefferson county to sell their interest in the land on the 11th

day of February, 1888, and sold the same on that day
to Henry M. Dial, and reported the sale to the probate
court, which confirmed it.   On the 5th day of March
following he conveyed his undivided half interest in the
land to Dial, who purchased at both sales with notice of
the rights acquired by McLeod by virtue of the deed
executed to him by Simpson on the 15th of September,
1886.   Dial then took possession of the land, refused to
permit McLeod to exercise the rights claimed by him
under the deed last mentioned, and commenced to cut
and destroy the timber on the land.   McLeod thereupon
brought this action against Dial in the Cleveland circuit
court, to enforce his rights.

Upon the hearing of the evidence adduced by both
parties, the court found that McLeod acquired the right
to cut and remove the timber on the undivided half that
belonged to Margaret Simpson in her lifetime, for ten
years from the 15th of September, 1886, and decreed
that the title to the land be quieted in Dial, subject to
the right of McLeod to cut and remove timber as before
stated; and McLeod appealed.

The deed of Simpson to McLeod was assailed by
the appellee on the ground that it was a license revo-
cable at the will of Simpson, and was revoked by the
deeds to Dial.   This contention presents the first ques-
tion for our consideration.

A license is defined to be "an authority given to do    When
license not
some act, or a series of acts, on the land of another,    revocable.
without possessing an estate therein." (*Cook* v. *Stearns*,
11 Mass. 533; *Mumford* v. *Whitney*, 15 Wend. 380).   A
mere license is revocable, but what is called a license is
sometimes connected with an interest or grant, and then
it cannot be revoked; thus, a license given to one to hunt
on the land of another, and take away the deer when
killed to his own use.   The gift of the deer when killed

renders the privilege to enter and take it away irrevocable by the party who had given it. He would be estopped from defeating his own grant, or act in the nature of a grant. *Mantooth* v. *Burke*, 35 Ark. 540, 547; *Cook* v. *Stearns*, 11 Mass. 533; *Ruggles* v. *Lesure*, 24 Pick. 187; *Wood* v. *Leadbetter*, 13 M. &. W. 838.

In *Funk* v. *Haldeman*, 53 Pa. St. 229, "McElheny, being the owner of a farm, composed of land in Cherry Tree and Cornplanter townships, in consideration of $200, granted to Funk, his heirs and assigns, the free and uninterrupted privilege to go upon a tract of McElheny's land in Cornplanter township, for prospecting, boring, etc., and erecting engines, etc., and taking away ore, etc., out of the earth, Funk to have the exclusive use of one acre of land around each pit or well, with free ingress on said land in common with McElheny; Funk diligently to use all reasonable efforts to obtain oil, etc., and give McElheny one third of all that is taken out ; McElheny reserving the right of tillage." The court held " that the conveyance gave Funk an incorporeal hereditament in fee; that the grantors have no mining privileges, and can have none until Funk shall have forfeited his rights by breach of his covenants; that the grants to Funk did not amount to a lease, nor a sale, of the lands or the minerals; that no estate in the soil or minerals was granted; that the right granted to Funk was to experiment for oil, sever it from the soil and take it, on yielding one-third to the landlord; and that Funk's right was a license to work the land for minerals; that it was a license coupled with an interest, not revocable at the pleasure of the licensor."

The deed of Simpson to McLeod, in this case, was something more than a mere license. It was based upon a valuable consideration, and, while it did not absolutely convey the trees, it gave to McLeod the exclusive right to cut and remove them for the period of ten years, and

vested him with the exclusive possessory right to and control of them, with the right to perfect his title to the same by cutting and removing them during that time. This was a valuable grant or interest, and sufficient to make any license connected with it irrevocable.

But this deed was not sufficient to authorize appellant to cut the trees on all the land. For Simpson held the one half interest which belonged to his wife, in her life time, as a tenant by curtesy, and had only a life estate in it. He had no right to cut trees growing on this portion of the land, or allow them to be cut, except so far as was necessary to the proper and reasonable enjoyment of his life estate in conformity with good husbandry. For the purpose of using it as farming land, he had the right to clear a part of it, provided such part and that already prepared for cultivation, as compared to the remainder of the tract, did not exceed the proportion of cleared to wooded land usually maintained in good husbandry; and provided, further, that he did not materially lessen the value of the inheritance. He also had the right to cut and use so much of the timber standing on the one half which belonged to his wife as was necessary for fuel, and for making and repairing fences and buildings on the same. But the timber could only be cut or used for the proper enjoyment of the estate for life, and not merely for sale. *Davis* v. *Clark*, 40 Mo. App. 515; *Owen* v. *Hyde*, 6 Yerger, 334; *Jackson* v. *Brownson*, 1 Johns. 227; *Clemence* v. *Steere*, 1 R. I. 272; *Ballentine* v. *Poyner*, 2 Hayw. 110; 1 Washburn, Real Property, pp. 146, 148.

The deed of Simpson to McLeod conveyed no right to cut timber on the one half of the land which belonged to Margaret Simpson in her life time, but did as to the other half. The decree of the court was correct, except it limited the right to cut timber to the wrong half.

*Right of life tenant to cut trees.*

As the Cleveland circuit court had law and equity jurisdiction, and there was no controversy in that court as to the proper remedy of the appellant, we have only considered the questions we have decided.

The decree of the circuit court will be corrected in accordance with this opinion; and, inasmuch as no material change is made in the decree, the appellant will be taxed with the costs of this appeal.