LISTON v. CHAPMAN & DEWEY LAND COMPANY.

Opinion delivered November ·11, 1905.

1. TIMBER DEED—REASONABLE TIME TO REMOVE.—In the absence of something in the instrument itself, or in the proof *aliunde,* showing a contrary intention, a deed to standing merchantable timber which specifies no time for its removal conveys a terminable estate in the timber, which ends when a reasonable time for the removal of such timber, after the execution of the deed, has expired. (Page 118.)

2. REMOVAL WITHIN REASONABLE TIME—WAIVER.—The implied requirement in a sale of timber that it be removed within a reasonable time may be waived by the grantor, and the time for cutting and removal extended, either by writing or parol, before or after the reasonable time has expired. (Page 119.)

3. DEED—MERCHANTABLE TIMBER.—The term "merchantable timber," used in a deed, has reference to such timber as would bring the ordinary market price at the time the deed was executed. (Page 120.)

4. PLEADING—RELIEF.—It was improper, in a suit to quiet title, to order that the land be sold and the proceeds divided if no such relief was asked either in the complaint or in the answer. (Page 122.)

Appeal from Mississippi Chancery Court; EDWARD D. ROBERTSON, Chancellor; reversed in part.

STATEMENT BY THE COURT.

This is a suit by appellants against appellee to quiet title to a tract of land in Mississippi County, and to restrain appellee from removing timber from such land.

Appellants and appellee claim from a common source of title. The heirs of Jacob Corbett ·were originally the owners

of the land. In 1898 these heirs conveyed to E. A. Carleton all of the merchantable cottonwood, ash and cypress timber on this land, and in 1900 the same heirs conveyed the land to John T. Davis, subject to the timber deed to Carleton: On the 13th day of April, 1900, E. A. Carleton by his warranty deed conveyed the said timber to appellee. John T. Davis conveyed to R. S. Gibson and H. P. Liston November 15, 1902, and Gibson and Liston conveyed to their co-appellant, Cooper, November 26, 1902. This suit was instituted July 21, 1903. No time was specified in the deed from the Corbett heirs to Carleton, or from Carleton to appellee, in which this timber was to be removed. The complaint alleged that appellee had not entered upon the land to remove the timber, and that a reasonable time had expired. Appellee denied the allegation. The court found the following: "That the defendant owned all the cottonwood, ash and cypress timber standing and growing on section 34 that was merchantable in the month of April, 1898, and that the plaintiffs are the owners of the remaining interest in the land; that all of the timber less than 18 inches in diameter at the stump at that date was not merchantable in the month of April, 1898, and is the property of plaintiffs; that all the timber cut by defendant, whether removed or not, was merchantable timber, and that it had a right to enter upon the land and remove the timber and to cut and remove all timber not less than eighteen inches at the stump.

Thereupon the court decreed a sale of the lands, and appointed a commissioner, and directed him to proceed as follows to sell the real estate, viz.:

"1. All cottonwood, ash and cypress timber standing and growing on said land not less than 18 inches in diameter shall be sold separately, with the privilege on the part of the purchaser to enter upon said land and cut and remove the said timber therefrom for a period of one year after the sale thereof.

"2. The remaining interest in said land shall then be sold to the highest bidder for cash in hand subject to the sale of said cottonwood, ash and cypress timber aforesaid." And directed him to distribute the proceeds as follows: "The said commissioner is further ordered and directed to pay to the defendant herein, the Chapman & Dewey Land Company, all the purchase money so received for the said cottonwood, ash and cypress

timber, and to pay to the plaintiffs herein the purchase money so received from the sale of the remaining interest of said land, and said commissioner is directed to report to this court at its next term in writing all action taken by it in this matter prior to the convening of said court."

*Driver & Harrison,* and *Ewing & Williamson,* for appellants.

Where standing timber is sold, and no time is specified in which to remove it, the law implies a contract to remove it within a reasonable time.    108 Tenn. 681, and cases cited; 54 N. H. 452.

*Frierson & Frierson,* and *W. J. Lamb,* for appellee.

On the question of reasonable time, the court will first inquire into the condition of the land on which the trees are standing, the hindrances to removal, etc.,    108 Tenn. 681.   The deed to the growing timber conveyed an interest in the land.    69 Ark. 442; 63 Ark.  10;  98  Mich.  260;  28  Mich.  3;  60  Mich. 622;  63  Mich.  487;  26  Mich.  523;  83  Mich.  181;  22 Wis. 544; 70 Miss. 388; 49 Minn. 412; 3 Bland (Md.), 284; 102 Mass. 375; 32 Mich. 522.   A sale of merchantable timber has reference to the time when the timber is cut, and not to the date of the deed.    107 Pa. St. 271; 136 Pa. 271.   Merchantable is defined as "fit for sale; vendible in market, or a quality such as will bring the ordinary market price."   Black, Law Dict.   See also Webster's Dict.   Merchantable timber and method of ascertaining whether or not it is merchantable, see 66 Am. Dec. 739; 28 Am. & Eng. Enc. (2 Ed.), 542.

*Driver & Harrison* and *Ewing & Williamson,* for appellants, in reply.

A conveyance, unless a contrary intent is expressed, relates to the date of its execution, and only such property passes as fulfills the description at the time of executing the conveyance. 119 N. C. 39; 126 N. C. 254; 15 Pa. St. 364; 36 Mich. 89; 6 Atl. R. (Pa.) 48.

Additional authorities on question of reasonable time for removal of the timber:    111 Ga. 65; 113 Mass. 103; 51 Mich. 320; 6 Atl. Rep. (Pa.) 48; 164 Pa. St. 234; 128 N. C. 46.

WOOD, J., (after stating the facts.)   First.   Under a deed conveying all the *merchantable* standing timber of a certain description, which specifies no time for its removal, the grantee

has a reasonable time for such removal. *Carson* v. *Lumber Co.,* 108 Tenn. 681; *McRae* v. *Stillwell,* 111 Ga. 65; *Hill* v. *Hill,* 113 Mass. 103. An estate in the timber necessarily includes the irrevocable right to enter upon the land for the removal of such timber. 2 Pars. Cont. 534. The weight of authority is, we believe, that, where no time is specified, this right exists only for a reasonable time. See cases cited *supra* and authorities therein collected; also *Patterson* v. *Graham,* 164 Pa. St. 234; *Manufacturing Co.* v. *Hobb,* 128 N. C. 46; 28 Am. & Eng Enc. Law (2 Ed.), 543, par. 4. Some authorities hold that a deed to standing timber which specifies no time for its removal conveys to the grantee an estate in the timber which runs with the land, and goes on forever; but that the right to enter upon the land for removing the timber exists for only a reasonable time after the execution of the deed, and that, if the grantee thereafter enters upon the land to remove his own timber, he will be guilty of trespass. *Hoit* v. *Stratton Mills,* 54 N. H. 452; *Boults* v. *Mitchell,* 15 Pa. St. 371; *Magnetic Ore Co.* v. *Marbury Lumber Co.,* 27 L. R. A. 434. This doctrine, it seems to us, involves some anomalies, if not contradictions, in the law. Suffice it to say, on this point we approve the rule announced in the well-considered opinion of the Supreme Court of Georgia, *supra.* In the absence of something in the instrument itself, or in the proof *aliunde,* showing a contrary intention, a deed to standing merchantable timber which specifies no time for its removal conveys a terminable estate in the timber, which ends when a reasonable time for the removal of such timber, after the execution of the deed, has expired. *McRae* v. *Stilwell, supra.* There is nothing in *Kendall* v. *J. I. Porter Lumber Co.,* 69 Ark. 442, or *McLeod* v. *Dial,* 63 Ark. 10, to conflict with this view. The question here considered was not involved in those cases.

The implication of reasonable time only being granted to the grantee where no time is specified is a construction placed upon such deeds for the benefit of the grantor and his successors in title, and they may waive the forfeiture of the right to enter on the part of the grantee, and may by writing or parol extend the time for the cutting and removal before or after the reasonable time has expired.

What is a reasonable time is generally a mixed question of law and fact. The facts are to be ascertained by an inquiry into the conditions of the land and timber, the obstacles opposing and the facilities favoring, and the conditions surrounding the parties at the time the contract was made. When all the circumstances are considered, and the facts are determined, the law will declare whether reasonable time has expired for cutting and removing the timber conveyed. *Carson* v. *Lumber Co.,* 108 Tenn., *supra.* No fixed rules can be established for ascertaining what is a reasonable time. The facts and circumstances of each particular case must determine this.

The term "merchantable" means "fit for market;" of such a quality as will bring the ordinary market price." Webster's Dict.; Black's Law Dict. The term, as used in the deed, has reference to such timber as would bring the ordinary market price at the time the deed was executed. It was used to describe the timber mentioned with reference to conditions then existing, and not to future conditions. *Andrews* v. *Wade,* 6 Atl. Rep. 48.

The above are the principles of law applicable to the case.

Second. Applying these principles to the facts in the record, was the decree of the court correct? 1. The finding "that the defendant owned all the cottonwood, ash, and cypress timber standing and growing on section 34 that was merchantable in April, 1898," was a legal conclusion, and could only be correct upon the theory that a reasonable time had not expired, when appellants brought suit, for the appellee to have cut and removed the timber mentioned. Without discussing the evidence in detail, after a careful review of it, we are not prepared to say that a reasonable time had elapsed for appellee to have cut and removed the timber. The deed under which appellants claim was executed in November, 1902. The deed to their grantor Davis was executed in 1900, and this deed recited that the conveyance was "subject to the timber deed to Carleton." It thus appears that the grantors of appellants expressly recognized the rights of appellees' grantor in the timber at the time they executed their deeds. Making the deeds under which appellants claim subject to the timber rights of appellees' grantor showed that at the time these deeds were executed no advantage was taken by appellants' grantors of the time that had elapsed since the making of the first

timber deed to Carleton in 1898. If there had been any forfeiture of the right to enter, appellants' grantors had thus expressly waived it by making their deed to appellants subject to the timber deed under which appellee claims. In determining therefore what is a reasonable time in favor of appellants and against appellee, no account should be taken of the time that had elapsed between 1898, when the deed was made to Carleton, and 1900, when appellants' grantor, Davis, received his deed. This being true, there is ample evidence to justify the conclusion that a reasonable time had not expired for appellee to have entered and removed the timber when this suit was instituted in 1903; at least, such finding would not be clearly against the weight of evidence.

2. The finding "that all of the timber less than eighteen inches in diameter at the stump was not merchantable in the month of April, 1898, and is the property of plaintiffs," even if erroneous, was favorable to appellants; but such finding is not clearly against a preponderance of the testimony.

3. The finding "that all the timber cut by defendant, whether removed or not, was merchantable timber" is abstract.

We have not been able to find from the record whether the timber that had been cut by appellee when the suit was brought was merchantable or not. If it was under eighteen inches in diameter, then, according to the court's other findings, it would not be merchantable, and the two findings would then be inconsistent. But, so far as we have been able to discover, the evidence is silent as to the size of the timber cut prior to the bringing of the suit. The finding that defendant had a right to enter upon the land and remove the timber, and to cut and remove all timber not less than eighteen inches at the stump," was correct, in view of the fact that a reasonable time had not expired for cutting and removing the timber, under the proof, that timber under eighteen inches at the stump, of the kinds named, was not merchantable. But the decree ordering the land and timber to be sold, and directing how the proceeds should be divided, is erroneous. It does not conform to the issues raised, or the relief prayed for in the complaint or answer, nor to any relief proper, under a general prayer, upon the pleadings and proof in the case.

·The decree doubtless commended itself to the court as the quickest and best method of winding up the troublesome controversy between the parties litigant, but neither were appellants, nor was appellee, asking for a sale of the land and timber. Partition was not sought, and was not proper, and a sale was wholly unnecessary.

In all other respects the findings of the court are affirmed; but for this error the decree of the court is reversed, and the cause is remanded for such other and further proceedings according to the principles herein announced as may be necessary to preserve the rights of the parties.