GARDEN CITY STAVE & HEADING COMPANY *v.* SIMS.

Opinion delivered November 18, 1907.

1. TIMBER DEED—REASONABLE TIME TO REMOVE.—In the absence of something in the deed itself, or in the proof *aliunde,* showing a contrary intention, a deed to standing merchantable timber which specifies no time for its removal conveys a terminable estate in the timber, which ends when a reasonable time for the removal of such timber, after the execution of the deed, has expired. (Page 605.)

2. SAME—WHAT IS REASONABLE TIME.—One who purchases land, having notice that the timber thereon had been sold to another, will not be entitled to an injunction to restrain the latter from removing any more timber, although three years have expired since the timber was purchased, if the evidence shows that, on account of the slashy character of the land and the difficulty of procuring hands, the defendant had not had a reasonable time to remove the timber. (Page 605.)

Appeal from Monroe Chancery Court; *Jno. M. Elliott,* Judge; reversed.

STATEMENT BY THE COURT.

This is a suit by appellee to restrain appellant from removing timber from a tract of land in Monroe County, described in the complaint. Appellant and appellee claim from a common source of title.

On the 9th day of August, 1899, William Montgomery, by warranty deed, conveyed to appellant the timber of all kinds on the land mentioned in the complaint. The deed was duly acknowledged and filed for record on the 10th day of August, 1899. On the 16th day of January, 1901, the said William Montgomery conveyed said lands to appellee. This suit was

commenced on the 17th day of August, 1901. No time was specified in the deed from Montgomery to appellant in which this timber was to be removed. The court granted a temporary injunction. After all the testimony had been taken, on the 4th day of October, 1905, the court permitted appellee to file an amendment to his complaint, alleging that appellant, a corporation, had ceased to transact business in the State of Arkansas, and was insolvent, and further alleging that appellant by its conduct and representation was estopped from claiming title to the timber on the lands mentioned in the original complaint.

At the October term, 1906, the court entered its final decree restraining the appellant from cutting or removing any timber from the said lands. The other facts are sufficiently referred to in the opinion.

C. F. Greenlee, for appellant.

1. Appellee had at least constructive notice of the deed from Montgomery to appellant, for it was recorded, and thereby knew of appellant's ownership of the timber. Its right to the timber was vested, and not terminable at the will of Montgomery or his grantee. 69 Ark. 442; 57 Ark. 340.

2. Injunction will not lie to prevent a trespasser from cutting timber where there is no proof of irreparable injury to the freehold nor of the defendant's insolvency. 33 Ark. 637; 67 Ark. 413; 75 Ark. 286.; 77 Ark. 527; 81 Ark. 115.

3. Where, in a contract for the sale of timber, no time is specified within which to remove it, the law gives to the purchaser a reasonable time, and such time is to be determined by the condition of the land and timber, the obstacles in the way, etc. 77 Ark. 120; 55 L. R. A. 513 and authorities cited.

Manning & Emerson, for appellee.

It is clearly shown that appellant's purchase from Montgomery was a mere subterfuge, that it had cut and removed all the timber from the land that it desired and had abandoned the claim. It is further shown that appellee was induced to buy upon the representation by appellant that it claimed no title nor further interest in the timber, that appellant was insolvent, and that appellee had no adequate remedy at law. Appellant is

estopped by the statements, representations and conduct of its officers and agents. 78 Ark. 408.

HART, J., (after stating the facts.) In the case of *Liston* v. *Chapman & Dewey Land Company*, 77 Ark. 116, it was held that "in the absence of something in the instrument itself, or in the proof *aliunde*, showing a contrary intention, a deed to standing merchantable timber which specifies no time for its removal conveys a terminable estate in the timber, which ends when a reasonable time for the removal of such timber, after the execution of the deed, has expired." In that case, the court said: "What is a reasonable time is generally a mixed question of law and fact. The facts are to be ascertained by an inquiry into the conditions of the land and timber, the obstacles opposing and the facilities favoring, and the conditions surrounding the parties at the time the contract was made."

The testimony shows that appellant's timber cutters commenced work in June, 1899, and cut continuously until about Christmas. That the land was wet and slashy, and that, on account of the rains, the land become so wet that they had to cease work until the following June.

In June, 1900, they commenced cutting again, but were not able to cut as much timber as had been cut the previous year on account of the trouble they had in getting hands. In 1901 they commenced again as soon as it got dry enough, and worked until the injunction was issued. During this time Montgomery was an employee of appellant. He knew the condition of the roads, and that the timber could only be removed with profit during certain seasons of the year. He made no objection that the time was not reasonable. Considering the obstacles in the way and the conditions surrounding the parties, we do not think a reasonable time had elapsed in which to remove the timber.

Appellee claimed that appellant is estopped to claim title in the timber on account of its representations and conduct, and bases his contention on statements made to him by Vantrain, Hooker and W. C. Fiddyment, one of the directors of the appellant company. He says that Hooker and Vantrain told him that appellant was only to have twelve months in which to re-

move the timber, and that W. C. Fiddyment advised him to purchase the land, stating that it was a bargain, and did not tell him that appellant claimed more time in which to remove the timber. Hooker says he was only the bookkeeper of appellant, and had no authority to bind it in regard to timber deals, and that he only expressed the opinion to appellee that twelve months was a reasonable time within which to remove the timber. Vantrain was not even an employee of the appellant. He had no connection in any way with the company except to contract with it in regard to cutting timber. The timber deed to appellant was on record at the time of the purchase of the land by appellee, and appellee had constructive notice of its terms. Appellant owed appellee no duty to disclose to him what additional time, if any, it would require to remove the timber.

The chancellor should have dismissed the complaint for want of equity. Reversed and remanded with direction to dismiss the complaint for want of equity.