## FLETCHER v. LYON.

### Opinion delivered December 20, 1909.

1. DEEDS—CONSTRUCTION AS A WHOLE.—The premises of a deed should be considered together so as to give effect to it as a whole. (Page 9.)

2. DEEDS—EXCEPTIONS AND CONDITIONS.—Exceptions and conditions contained in the granting clause of a deed will be held to be a part thereof and to limit the grant. (Page 9.)

3. SAME—CONDITIONS NOT REPUGNANT.—Reservations, conditions or limitations which are not repugnant to the granting clause in a deed may appear in any part thereof. and be equally effectual. (Page 10.)

4. TIMBER DEED—REASONABLE TIME.—Under a deed which conveys land until the timber on that and other lands shall be cut and removed, and until the manufacturing, shipping and other lumbering and logging operations over and upon the same shall be finished, a reasonable time only is given for the purpose of completing such operations. (Page 10.)

5. DEEDS—MILL SITE—RESERVATION.—Under a conveyance of land which contemplates that it may be used for the purpose of establishing a mill plant, but reserves to the grantors the right to use so much of the land for grazing or farm purposes as the grantee shall not desire to use in connection with any lumber manufacturing or logging operations which he may wish to conduct over it, the grantors are not en-

titled to have any part of the lands set apart to defendants for a mill site. (Page 10.)

6. TIMBER—REASONABLE TIME TO REMOVE.—A timber deed which conveys "all timber, standing or fallen, with the right to cut and remove same at any time," contemplates that the timber should be removed within a reasonable time and without unreasonable delay. (Page 11.)

7. SAME.—Where several conveyances of timber were executed as a part of one transaction, the quantity of timber conveyed by all of them should be considered in determining what is a reasonable time in which to remove it. (Page 11.)

Appeal from Woodruff Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

*J. F. Summers,* for appellants.

No time being mentioned for cutting and removing the timber, the vendee should be held to have a reasonable time. 77 Ark. 16. The words "any time" were used in a restricted sense. 66 Ark. 472; 145 Mass. 156. It means a reasonable time. 77 Ark. 116; 164 Pa. 234; 128 N. C. 46; 78 Ark. 408.

*Harry M. Woods,* for appellee.

The effect of the reservation and agreement to reconvey are not to nullify the grant of the fee. 82 Ark. 210; 93 S. W. 979. The title passes independent of these covenants. 44 Ark. 160. The intention of the parties should be gathered from the deed as a whole. 53 Ark. 185. Persons dealing with a special agent must know his authority. 23 Ark. 411; 74 Ark. 561; 62 Ark. 33; 78 Ark. 30. Appellants cannot be heard to say that they relied upon an agreement not embraced in the instrument. 15 Ark. 542; 24 Ark. 210; 33 Ark. 150. A reasonable time for removing the timber had not elapsed. 91 S. W. 53. The words "at any time" mean an indefinite or unlimited time. 70 Ark. 122; 10 L. R. A. 217; 44 Ill. App. 376. An estate in the timber was created by this deed. 77 Ark. 120; 98 S. W. 238.

McCULLOCH, C. J. There are two cases here between the same adversary parties, each involving the construction of a separate instrument of writing, and each action was instituted by B. A. Fletcher and T. M. Fletcher against Thomas R. Lyon; but each controversy grows out of the same transaction, and they are so interwoven that both cases can, and should for convenience, be disposed of in one opinion.

Pursuant to prior negotiations, on May 11, 1900, the plaintiffs executed and delivered three deeds of conveyance to Thomas R. Lyon. By the first deed plaintiffs conveyed to said Lyon in fee simple about six thousand acres of timber lands in Woodruff County, Arkansas, for a cash consideration of $18,500. These lands contained between sixty-six and sixty-seven million feet of timber.

The second deed, executed by plaintiffs to Lyon for a cash consideration of $800, is as follows (omitting formal parts):

The grantors "do hereby grant, bargain, sell and convey unto the said Thomas R. Lyon, and unto his heirs and assigns forever, the following lands lying in the county of Woodruff and State of Arkansas, towit:. (Here lands are described), containing 372 acres.

"The grantors reserving the right to use for grazing or farm purposes the surface of so much of said premises as the said grantee shall not desire to use in connection with any lumber manufacturing, lumbering or logging operations which he may wish to conduct over or upon said premises, or any part thereof; it being understood, however, that said grantee shall in no way be responsible for any damage which may occur on said premises to any property belonging to said grantors.

"It is also understood and agreed that whenever and as soon as said grantee shall have removed all the timber and all the products thereof from the lands described in this deed, and from all other lands (in which lands or the timber thereon the said grantee may now or at any time be interested) in said county or in any adjoining county bought by him from said grantors, or others, and shall have finished all his manufacturing, shipping and other lumbering and logging operations over or upon the same, and shall have removed any tram road or railroad which he may have built thereon, and shall have permanently ceased the operation, for himself or others, of any mill plant he may have erected on said premises, and shall have permanently dismantled and removed such mill plant, then the said grantee shall reconvey by deed to said grantors the said premises herein described.

"At the time of the reconveyance by said grantee as above provided the said premises shall be free and clear of all liens and incumbrances created or suffered by said grantee.

"To have and to hold the same unto the said Thomas R. Lyon and unto his heirs and assigns forever, with all appurtenances thereunto belonging. * * *

"And we hereby covenant with said Thomas R. Lyon that we will forever warrant and defend the title to the said lands against all claims whatever."

This conveyance is referred to in the abstract and briefs as the "mill-site" deed, and it will be thus hereinafter designated for convenience. The lands described in this deed contained about one and one-half million feet of timber.

The third deed executed by plaintiffs to Lyon, for a cash consideration of $500, is as follows (omitting formal parts): The grantors "do hereby grant, bargain, sell and convey unto the said Thomas R. Lyon, and unto his heirs and assigns forever, all the timber, standing or fallen, with the right to cut and remove the same at any time, upon the following lands: (Here follows description of lands), containing 185 acres.

"In further consideration of the above purchase price, the grantors herein hereby convey to said grantee the right and privilege to cross and recross the lands herein described for the purpose of conducting any and all logging and lumbering operations upon the lands herein described, or to cross and to recross the lands herein described for the purpose of conducting any and all logging and lumbering operations on or to and over any other lands, in which lands and the timber thereon the said grantee may now or at any time be interested. To have and to hold the same unto the said Thomas R. Lyon and unto his heirs and assigns forever."

This deed will be hereinafter referred to for convenience as the timber deed, and the lands described therein contained something over 1,000,000 feet of timber. All three of these deeds contained about 69,000,000 feet of timber, and all of them were executed at the same time as a part of the same transaction, and they resulted from the same negotiations.

On December 21, 1900, pursuant to prior negotiations pending at the time of executing the former deeds, plaintiffs for a cash consideration of $21,000 executed to Thomas R. Lyon another deed conveying in fee simple about seven thousand acres of timber lands, which are shown to contain about 61,000,000 feet of timber. It will be thus seen that all of the timber pur-

chased by Lyon from plaintiffs amounted to about 130,000,000 feet.

Plaintiffs simultaneously instituted the present actions in the chancery court of Woodruff County against Thomas R. Lyon on March 31, 1908, seeking in one action to cancel the mill-site deed and in the other to cancel the timber deed. Defendant, Thomas R. Lyon, died while the actions were pending in the chancery court, and they were both revived in the name of the three executors and trustees mentioned in his will. In each case the plaintiffs contended that the rights of defendant to cut or remove timber had expired. The cases were heard separately below, and in each the court found from the evidence that "a reasonable time has not elapsed in which the rights of the defendant to the timber on said lands can be declared forfeited," and dismissed the complaint for want of equity. In the first mentioned suit the plaintiffs also asked that the defendant be required to select a mill-site, and that a commissioner be appointed by the court to lay off a mill-site on the land described in the deed. This relief was also denied. Plaintiffs appealed from both decrees.

In the first-mentioned case, involving the construction of the mill-site deed, the chancellor did not decide that the grant was in fee simple, and that the reservations and conditions therein contained were void; but, inasmuch as counsel for defendants now urge as grounds for affirmance that such should have been the decision, it becomes necessary for us to decide that question. They rely on the case of *Carl Lee* v. *Ellsberry*, 82 Ark. 209, to sustain their contention. There the deed conveyed an estate of inheritance in lands. Words of grant were used which were sufficient, in the absence of qualifying words, to convey an estate in fee simple, and the habendum contained a proviso attempting to limit the estate to one only for life. This court held that the limitation contained in the habendum was repugnant to the granting clause, and was void.

In the present case the reservations, or, speaking technically, the exceptions and the conditions were annexed to the granting clause or premises of the deed as a part thereof and limited the grant. The rule announced in *Carl Lee* v. *Ellsberry, supra,* does not apply, as the whole of the premises of the deed must be

considered together so as to give effect to it as a whole. More-
over, reservations, conditions or limitations not repugnant to ·
the grant may appear in any part of a deed and be equally ef-
fectual.  1 Jones on Real Property in Conveyancing, § 624; Mar-
tindale on Conveyancing, § 121.

Considering the grant as a whole, it does not convey the
title in fee simple. The ·effect of it is to give to the grantee
the beneficial interest only until the timber on that and other
lands shall be cut and removed and the products thereof, and
also the "manufacturing, shipping and other lumbering and
logging operations over or upon the same" shall ·be finished.  No
time is specified within which this is to ·be done; and unless
the deed be construed to give an unlimited time, at the option of
the grantee, it must ·be held that a reasonable time was meant.
*Liston* v. *Chapman & Dewey Land Co.,* 77 Ark. 116; *Hall* v.
*Wellman Lumber Co.,* 78 Ark. 408; *Carson* v. *Lumber Co.,* 108
Tenn. 681; *McRae* v. *Stillwell,* 111 Ga. 65; *Hill* v. *Hill,* 113
Mass. 103. .The latter, we think, is the proper construction to
place upon the deed ·in question.

Plaintiffs are not entitled to have any part of the lands set
apart to defendants for a mill-site. It is not so nominated in
the deed, for the effect of that instrument is to grant to defend-
ants the use of the land or any portion of it for "manufactur-
ing, shipping and other lumbering and logging operations," and
the reservation to the plaintiffs of the right to use the land for
grazing or farming purposes is made subject to the grantee's
right of use for the purposes specified. The grantee, according
to the terms of the deed, is not to be confined to the use of any
part of it.

The timber deed involved in ,the other case conveys "all
timber, standing or fallen, with the right to cut and remove
same at any time." Does this mean that the ˉgrantee has an
unlimited time within which to remove the timber, as contended
by counsel? If so, and defendants are allowed to remove it at
their own convenience, without regard to lapse of time, then they
can, by mere inaction, forever deprive plaintiffs of the enjoy-
ment of the rights· which they expressly reserved in the deed.
Such is not a reasonable or just interpretation of the language
of the contract. *Carson* v. *Lumber Co., supra.*

If the words "at any time" be given their literal meaning, the defendant may await all time to remove the timber; and, if not, the words must be held to mean a reasonable time, without unnecessary delay, the same as if no time at all were specified. We conclude that the latter is the proper interpretation of the language of the deed. This court has said: "What is a reasonable time is generally a mixed question of law and fact. The facts are to be ascertained by an inquiry into the conditions of the land and timber, the obstacles opposing and the facilities favoring, and the conditions surrounding the parties at the time the contract was made. When all the circumstances are considered, and the facts are determined, the law will declare whether reasonable time has expired for cutting and removing the timber conveyed. No fixed rules can be established for ascertaining what is a reasonable time. The facts and circumstances of each particular case must determine this." *Liston* v. *Chapman & Dewey Land Co.,* 77 Ark. 116.

The deeds of plaintiffs, conveying the land and timber to Thomas R. Lyon, were all executed as a part of one transaction, and the quantity of timber conveyed by all of them should be considered in determining what is a reasonable time in which to remove it. The two deeds in controversy expressly recognize the rights of the grantees, with respect to time, to remove all the timber conveyed. All of the deeds conveyed about 130,-000,000 feet of timber, and all of it should be considered in determining what is a reasonable time within which the timber in controversy should be removed. The evidence is conflicting, but we are of the opinion that the preponderance is not against the finding of the chancellor that a reasonable time has not elapsed for the removal of the timber. So both decrees are affirmed.