SMITH *v.* DIERKS LUMBER & COAL COMPANY.

Opinion delivered May 28, 1917.

1. TIMBER DEEDS—RIGHT TO REMOVE AT CONVENIENCE.—A timber deed provided that the vendee could cut and remove the timber at its convenience, *held*, the vendee was under the duty to cut and remove the timber within a reasonable time.

2. TIMBER DEEDS—"REASONABLE TIME."—Eight years held more than a reasonable time in which to begin cutting timber, although defendant's mill had burned, and the price of lumber had declined.

Appeal from Howard Chancery Court; *James D. Shaver*, Chancellor; reversed.

The appellants *pro se.*

1. There is no time limit in the deed, and the law fixes a reasonable time. 93 Ark. 10; 99 *Id.* 112; 124 *Id.* 574; 77 *Id.* 116. Defendants have had such reasonable time.

2. The burning of the mill, stringency in money market, falling market or misfortune does not excuse defendant. 124 Ark. 187; 114 *Id.* 421; 116 *Id.* 393; 93 *Id.* 452; 61 *Id.* 315; *Polzier* v. *Beene*, 118 Ark. 94. The deed should have been canceled.

*D. B. Sain,* for appellee.

1. The decree of the chancellor has all the presumptions in its favor and it must be made very clear that it was wrong.

2. The contract here differs materially from those in the cases cited by appellants. Here it is agreed that the timber might be removed *at the convenience* of the company.

3.   The timber could not be reached and cut without financial loss, and this, under the contract, excused the delay.

### STATEMENT BY THE COURT.

Appellants, who are the widow and heirs at law of James Smith, deceased, instituted this action in the chancery court against Dierks Lumber & Coal Company to cancel a timber deed executed to it by James Smith. On the 8th day of March, 1900, James Smith executed to the Dierks Lumber & Coal Company a deed to all the merchantable timber on one hundred and twenty acres of land owned by him in Howard County, Arkansas. The deed provided that the timber might be cut and removed from the lands at the convenience of the Dierks Lumber & Coal Company. At the time of the execution of the deed, the Dierks Lumber & Coal Company owned a large mill at De Queen, Arkansas, with a tramroad extending out into the woods for a distance of about thirty miles. The timber in question was situated a little beyond the end of the tramroad. In May, 1908, the defendants' mill at De Queen was destroyed by fire and has never been rebuilt. At the time the mill was destroyed, the tramroad had been extended from the west to within 250 yards of the land in question and, according to the testimony of the officers of the lumber company the timber would have been cut and removed from the land within sixty days if the fire had not occurred. They also testified that they had not rebuilt the mill owing to a decline in the price of lumber, which occurred soon after the mill was destroyed by fire, and to the further fact that they had not been financially able to secure the funds to rebuild the plant and that it would soon again be in operation and that the timber would be removed.

The court found in favor of the defendant company and the complaint of the plaintiffs was dismissed for want of equity. The case is here on appeal.

HART, J., (after stating the facts). The first question raised by the appeal is the construction to be given to the timber deed in question. It will be remembered

that the deed contains a clause that the company may cut and remove the timber at its convenience.

(1)    In the case of *Fletcher* v. *Lyon,* 93 Ark. 5, the court held that a timber deed which conveys "all timber, standing or fallen, with the right to cut and remove same at any time," contemplates that the timber should be removed within a reasonable time and without unreasonable delay. That case is controlling here and we hold that it was the duty of the company under the deed in question to cut and remove the timber within a reasonable time.

(2)    The mill plant of the company was, destroyed by fire in May, 1908. According to the testimony of the officers of the company, it had extended its tramroad to within 250 yards of the land in question and the timber would have been cut and removed from it within sixty days if the fire had not occurred. The present action was commenced on April 11, 1916, and at that time the company had not rebuilt its mill. The delay is accounted for by the officers of the company on the ground that the company could not procure money with which to rebuild the mill on account of its size and cost and from the further fact that soon after the fire occurred there was a fall in the price of lumber and it has not since been profitable to operate a mill. These matters constituted no excuse for the nonperformance of the contract on the part of the company.

In *Ingram Lumber Co.* v. *Ingersoll,* 93 Ark. 447, the court held that a party to a contract may not excuse his failure to perform it by showing the stringency of the money market where the contract did not provide for a release in such a contingency.

Again in *Newton* v. *Warren Vehicle Stock Co.,* 116 Ark. 393, the court held that where a company contracted to purchase and remove timber within a certain time, the fact that misfortune overtook it will not excuse it from liability for a breach of the contract.

In the case of *Heflin* v. *Bingham,* 56 Ala. 566, 28 Am. Rep. 776, in discussing a precisely similar question the

court said, "The accident of a falling market or undue delay in rebuilding the mill after its destruction; these, and similar disturbances, should exert no influence with the jury. But when the mill was destroyed by fire, a reasonable time was allowed for its reconstruction."

In the present case eight years was allowed to elapse before the company commenced to rebuild its mill. This was an unreasonable time.

It follows that the chancellor erred in dismissing the complaint of the plaintiffs for want of equity. For the error that decree must be reversed and the cause will be remanded with directions to the chancellor to grant to the plaintiffs the relief prayed for in their complaint. It is so ordered.