## YOUNG *v.* COWAN.

### Opinion delivered June 17, 1918.

TIMBER—SALE OF—TIME FOR CUTTING AND REMOVING.—Where timber upon land is sold and no time specified for its removal, the purchaser has only a reasonable time to remove the timber and the lapse of that time forfeits his right to remove at all. In determining what is a reasonable time, all the facts and circumstances of the particular case, and the conditions surrounding the parties at the time of the execution of the contract should be considered. Under a contract for the sale of timber, *held*, a lapse of nine years sufficient to bar the purchaser's right.

Appeal from Johnson Chancery Court; *Jordan Sellers*, Chancellor; reversed.

*Hugh Basham*, for appellant.

1. Young had no notice of Cowan's title to the timber. The testimony is evasive, contradictory and unsatisfactory as to Young's actual knowledge.

2. The timber was not removed within a reasonable time and there was no limit in the deed. 77 Ark. 116;

78 *Id.* 408; 93 *Id.* 5; 124 *Id.* 574; 126 *Id.* 46; 116 *Id.* 393. Nine years was an unreasonable time.

*G. O. Patterson,* for appellees.

1. Appellant had notice of the timber deed and was not an innocent purchaser. The finding of the chancellor is sustained by the evidence.

2. Under the circumstances the Cowans did not wait for an unreasonable time to remove the timber. 77 Ark. 117; 118 *Id.* 94.

### STATEMENT OF FACTS.

This is a contest between F. M. Young and John R. Cowan and W. T. Cowan over the title to the timber on a certain forty acres of land and Young brought suit in equity to restrain the Cowans from cutting and removing the timber from the land. The plaintiff and the defendants both claim title from Silas Carroll. Young claims title to the timber by a deed to the land from Silas Carroll, dated March 31, 1909, and duly filed for record on April 10, 1909. The Cowans claim title to the timber under a timber deed executed by Silas Carroll on February 26, 1908, and duly recorded on September 24, 1909.

According to the testimony of the plaintiff Young, at the time he bought the land from Silas Carroll he had no knowledge that the Cowans claimed title to the timber.

According to the testimony of the Cowans, they bought the timber on the land in controversy from Silas Carroll in the fall of 1907, and received a deed on the 26th day of February, 1908. At the time they bought the timber, the Cowans had a small pine saw mill within three miles of the land, but it was understood and discussed between them and Carroll that the mill did not have sufficient power to saw the oak timber on the land. The land is located about twenty miles from a railroad and is situated on the side of a mountain. Soon after the Cowans bought the timber the price of oak timber

went down so that oak timber could not be transported any great distance and sawed into lumber at a profit. The plaintiff Young, owned the land in a section near by and in March, 1908, came over to look at the timber belonging to the Cowans and was informed by them at the time that they had purchased it from Carroll. The mill owned by the Cowans was operated for two or three years after they purchased the timber. The deed from Carroll to the Cowans to the timber did not contain any definite time within which to remove it. No effort was made by the Cowans to cut and remove the timber until the latter part of the year 1916, when they sold the timber to G. E. Porter, who was, also, made a defendant in the case. Porter at once began to cut and remove the timber. It was shown by two other witnesses that Young had stated to them that he knew that the Cowans had purchased the timber from Carroll at the time he purchased the land.

The chancellor found that at the time Young purchased the land from Carroll he had actual knowledge that the defendants, W. T. and John R. Cowan, had already purchased the timber from Carroll. The chancellor also found that the defendants had not delayed for an unreasonable time to remove the timber from the land.

It was therefore decreed by the court that the complaint of the plaintiff be dismissed for want of equity. The plaintiff has appealed.

HART, J., (after stating the facts). The chancellor found that Young had actual knowledge at the time he purchased the land from Carroll that the Cowans had already purchased the timber on the land from Carroll. It can not be said that his finding in this respect is not sustained by the evidence. It is true Young testified in positive terms that he had no such knowledge and some other circumstances, not necessary to mention here, corroborated him.

On the other hand the Cowans testified in equally positive terms that they told Young that they had purchased the timber on the land in controversy from Carroll before he purchased the land itself. They are corroborated by two other witnesses.

The most serious question in the case is whether or not a reasonable time had elapsed in which to remove the timber. The deed to the timber specified no time for its removal. In such a case this court holds that the purchaser has only a reasonable time to remove the timber and that the lapse of such time forfeits all his claims thereto. The court further holds that in determining what would be a reasonable time to be allowed for the removal of the timber from the land, all the facts and circumstances of the case and the conditions surrounding the parties at the time of the execution of the contract should be considered. *Liston* v. *Chapman & Dewey Land Co.,* 77 Ark. 116; *Garden City Stave & Heading Co* v. *Sims,* 84 Ark. 603; *Fletcher* v. *Lyon,* 93 Ark. 5; *Beene* v. *Green,* 127 Ark. 119.

In the *Garden City Stave & Heading Co.* v. *Sims, supra,* it was said that the purchaser of the timber was entitled to have taken into consideration the slashy character of the land, wet seasons and the difficulty of securing workmen as having prevented a prompt removal of the timber. So it will be seen that what was a reasonable time in the instant case is dependent upon the local conditions and the peculiar circumstances of the case. A period of nine years elapsed before the Cowans commenced to cut and remove the timber from the land. There was no reason shown why the timber could not have been sooner cut and removed. The fact that there was a decline in the timber market or that no saw mill was near to the timber constituted no excuse for a failure to remove the timber within a reasonable time. *Newton* v. *Warren Vehicle Stock Co.,* 116 Ark. 393, and *Polzin* v. *Beene,* 126 Ark. 46. In the last mentioned case it was said that inconvenience, or the cost of compliance with the contract, or other like thing can not excuse a

party from the performance of an absolute and unqualified undertaking to do that which is possible and lawful.

In the present case there was only the timber from forty acres of land to be cut. The owners of the timber had a saw mill within three miles of it. It is true that they state that the power at their mill was not great enough to cut oak timber; but, as we have just seen, this could not have excused them from a performance of the contract. The facts are undisputed, and it is perfectly apparent that the timber could have been cut and removed in a less time than nine years.

Therefore, the court should have held that the timber was not cut and removed within a reasonable time, there being no time limit mentioned in the deed.

For the error in not so holding the decree, will be reversed and the cause will be remanded for further proceedings in accordance with the principles of equity and not inconsistent with this opinion.