DUNN *v.* FORRESTER.

Opinion delivered May 5, 1930.

698

*Duke Frederick,* for appellant.

*W. A. Bates, Sam T. Poe, Tom Poe* and *McDonald Poe,* for appellee.

HART, C. J., (after stating the facts). The rights of the parties under the timber deeds depends upon the construction to be placed upon that clause which provides for the trees and timber ''to be cut and paid for within two years after the completion of a railroad down Mill Creek.''

The timber deeds were executed on the 7th day of January, 1907. It is well settled in this State that in a sale of standing timber, when there is no time fixed in the contract within which the purchaser is to remove the timber, the purchaser shall have a reasonable time, considering all the facts and circumstances surrounding the transaction, within which to remove the timber. *Liston* v. *Chapman & Dewey Land Co.,* 77 Ark. 116, 91 S. W. 27; *Hall* v. *Wellman Lumber Co.,* 78 Ark. 408, 94 S. W. 43; *Garden City Stave & Heading Co.* v. *Sims,* 84 Ark. 603, 106 S. W. 959; *Fletcher* v. *Lyon,* 93 Ark. 5, 123 S. W. 801; *Smith* v. *Dierks Lumber & Coal Co.,* 130 Ark. 9, 196 S. W. 481; *Young* v. *Cowan,* 134 Ark. 539, 204 S. W. 304; *Fulcher* v. *Dierks Lumber & Coal Co.,* 164 Ark. 261, 261 S. W. 645; and *Ozan-Graysonia Lumber Co.* v. *Swearingen,* 168 Ark. 595, 271 S. W. 6.

This is in application of the fundamental principle that where a time is not specified for the performance of a contract, it should be performed within a reasonable time. In the present case, the expression in the timber deeds or contracts that the trees and timber were

to be cut and paid for within two years after the completion of a railroad down Mill Creek near which the land was situated indicates that the contracting parties did not intend that the right to cut and remove the timber should continue in perpetuity, but rather that it was to come to an end sometime in the future. What that time was cannot be declared to be other than would be a reasonable time for the removal of the timber according to the circumstances of the case. The parties thought a railroad would be constructed in the near future which would afford a suitable means of marketing the timber after it was cut. Only two years were given for cutting and removing the timber after the cutting began, and payments were to be made monthly. The railroad had already obtained a number of right-of-way deeds in that locality. This fact not only indicated the direction of the railroad, but pointed to the fact that construction work would begin in the near future.

All these facts and circumstances negative an intention on the part of the grantors to convey to the grantee a perpetual right to enter upon the land and cut and remove the trees growing thereon, but clearly manifests an intention to limit the right to cut and remove the trees to two years after a railroad is completed down Mill Creek, provided that should be done within a reasonable time. The grantee waited over 20 years before beginning to cut and remove the timber. Such a length of time was unreasonable. It does not make any difference that it would not have been profitable to have begun operations sooner. While no hard and fast rule should be laid down, and each case must depend upon its own particular facts, we are of the opinion that 20 years were too long to wait in the present case. The record shows that one tract comprised 80 acres, and the other 159.49 acres. The parties lived on their respective tracts of land, and a part of them was cleared. It is unreasonable to presume that the parties intended that the clearing and putting in cultivation the lands should be delayed

for such a length of time. To hold otherwise would enable the grantee to cut and remove the timber when his convenience or market conditions required it, without regard to the interest and convenience of the owner of the land, or any injury that might result to him by reason of delay in cutting and removing the trees.

We are of the opinion that the grantee waited too long in the present case, and the title to the timber was thereby forfeited. Therefore, the chancery court erred in giving the grantee further time within which to cut and remove the timber; and the decree will be reversed and the cause remanded with directions to the chancery court to grant the prayer of the complaint in each case, and for such further proceedings as may be necessary according to the principles of equity. It is so ordered.