AMERICAN HISTORICAL SOCIETY, INC. *v.* VESTAL.

4-3534

Opinion delivered October 1, 1934.

*Henry J. Burney,* for appellant.

*Sam T. & Tom Poe* and *Raymond Jones,* for appellee.

JOHNSON, C. J. This action was instituted by appellant against appellee in the municipal court of North Little Rock where a judgment was entered in favor of appellee. Upon appeal to the circuit court of Pulaski County, the result was likewise adverse to appellant, and this appeal must result in affirmance.

The suit was predicated upon the following written subscription contract:

"Number 92, May 15, 1929, DE LUXE EDITION. ARKANSAS AND ITS PEOPLE. In four volumes. Please enter my name as a subscriber in the above named publication, issued in three-quarters leather, for which I agree to pay to the order of the American Historical Society, Inc., the sum of sixty-five dollars ($65), upon delivery of same at my residence or place of business. Occupation: Florist. Name: Charles H. Vestal. Residence address: 509 W. 5, No. L. R."

On October 2, 1931, appellant notified appellee that delivery of the books called for in the subscription contract would be made during October and November, 1931, whereupon appellee advised appellant that he would not accept the books. The books were afterwards delivered but not accepted.

The trial court construed the contract as one to be performed within a reasonable time—same not providing any definite time for performance—and this is the first contention urged for reversal.

We are committed to the doctrine that where time of performance of a contract is not specified in the written instrument the law reads into it, "performance within a reasonable time," therefore, no error appears from this assignment. *Dunn* v. *Forrester,* 181 Ark. 696, 27 S. W. (2d) 1005.

Next it is urged that error was committed in permitting appellee to testify that the sales agent who solicited the subscription contract told him that delivery of the books would be made about October, 1929. Certainly this testimony was at least a circumstance indicating what was considered a reasonable time by the parties for performance of the contract at the time of its execution. This statement does not alter, vary, contra-

dict or otherwise affect the contract, and was admissible and competent for the purpose indicated.

The question as to whether the contract was offered to be performed by appellant within a reasonable time after its execution was submitted to the jury under correct instructions, and the testimony is amply sufficient to sustain the jury's verdict; therefore the judgment must be affirmed.