Couch *v.* The Kahler Company, Inc.

4-5617 132 S. W. 2d 648

Opinion delivered October 30, 1939.

---

*Henry J. Burney,* for appellant.
*Malcolm W. Gannaway,* for appellee.

McHANEY, J. Appellee brought this action against appellant to enjoin him and his agents from interfering with it and its agents in removing felled trees, manufactured lumber, or standing trees from certain lands hereinafter described, the timber on which had been purchased and fully paid for by appellee from appellant. The complaint alleged the purchase of the timber by it, the payment in full of the purchase price, its right to cut and remove same, and the refusal of appellant to permit it to do so. The contract of purchase and sale between the parties is in writing, was attached to the complaint as an exhibit, and is as follows: "Little Rock, Arkansas, April 2, 1937.

"Received of The Kahler Company, Inc., the sum of thirty dollars, $30, as payment on account of timber purchased in section 14-one north 15, east half of northeast quarter, northwest quarter of the northeast quarter, and the southwest quarter of the northwest quarter amounting to 160 acres. Also, the west one-half of the northwest quarter, section two, one south, range 14 west, 99 57/100 acres. All merchantable timber on 160 acre tract. Walnut trees are not included. All merchantable pine timber on 99 57/100 acres tract. Total sum agreed upon as the purchase price of both tracts being $350, same to be paid $100 cash, including this payment, same to be made by April 7, 1937, balance in payments

as follows: $100 in 30 days from April 7th, $75 in 60 days from April 7th, $75 in 90 days from April 7th.

"Time limit for removing timber not specified. (Signed) W. J. Couch.

"Little Rock, Arkansas, April 7, 1937.

"Received of The Kahler Company, Inc., the sum of $70 on contract agreement of lumber purchase, this making a total of $100 paid to date. (Signed) W. J. Couch."

Appellant answered denying the material allegations of the complaint and, by way of cross-complaint, alleged that the time for removing lumber, logs, and timber from said lands had long since expired and that appellee had forfeited all right to enter thereon or to cut and remove timber therefrom.

On April 2, 1939, upon a trial, the court entered a decree enjoining appellant in accordance with the prayer of the complaint, and gave appellee until October 1, 1939, to cut and remove said timber.

The contract provides: "Time limit for removing timber not specified." Appellant says that this clause was written in the contract after he signed it. Mr. Kahler for appellee testified to the contrary. We think it makes no difference whether it was or was not, as without it, no time limit was mentioned.

Appellant testified that there was a verbal agreement at the time that appellee should have only one year in which to cut and remove the timber from said lands, but it is conceded on this appeal that such testimony was incompetent as in violation of the parole evidence rule. The undisputed proof is that appellee entered upon said lands, began the cutting and removing of timber therefrom promptly and continued to do so from time to time for more than a year and a half, before he was notified by appellant to stay off said lands, claiming that he had had a reasonable time in which to remove the timber therefrom, and that he would not be permitted to cut and remove timber thereafter.

The rule in this state is well settled that, "In a sale of standing timber, when no time is fixed in the con-

tract within which the purchaser is to remove the timber, the purchaser shall have a reasonable time considering the circumstances, within which to remove the timber.'' Headnote to *Dunn* v. *Forrester,* 181 Ark. 696, 27 S. W. 2d 1005. A long list of other cases so holding was there collected and cited by the late Chief Justice HART.

In *Liston* v. *Chapman & Dewey Land Co.,* 77 Ark. 116, 91 S. W. 27, Judge WOOD, speaking for the court, said: ''What is a reasonable time is generally a mixed question of law and fact. The facts are to be ascertained by an inquiry into the conditions of the land and timber, the obstacles opposing and the facilities favoring, and the conditions surrounding the parties at the time the contract was made. When all the circumstances are considered, and the facts are determined, the law will declare whether reasonable time has expired for cutting and removing the timber conveyed. *Carson* v. *Lumber Co.,* 108 Tenn. (681, 69 S. W. 321), *supra.* No fixed rules can be established for ascertaining what is a reasonable time. The facts and circumstances of each particular case must determine this.''

Now, the facts and circumstances in this case are that appellee promptly began the cutting and manufacturing the timber into lumber, employing one Knabe for this purpose. It developed that Knabe's mill was, in some way defective, so that it did not saw the logs into merchantable lumber, and appellee stopped him from sawing. This necessitated the making of other arrangements by appellee for the sawing of the timber into lumber. The proof shows that he continued off and on to cut and remove the timber until some time in November, 1938, when he was notified by appellant's attorney that his time had expired and that he would not be permitted to cut and remove further timber from the land which was about one and one-half years after the date of the contract.

Under these facts and circumstances, and others in the record not herein set out, we cannot say the court was in error in holding that a reasonable time had not elapsed for appellee to cut and remove the timber from said lands, but on the contrary think the court was cor-

rect in so holding. Since the time given by the court was about six months from the date of the decree in which to cut and remove said timber, and since that time has expired by reason of this appeal, appellee will be allowed six months from the date this opinion becomes final in which to cut and remove the timber from said land.

No error appearing, the judgment will be affirmed.