OZAN-GRAYSONIA LUMBER COMPANY v. SWEARINGEN.

Opinion delivered April 20, 1925.

1. LOGS AND LOGGING—EFFECT OF EXCEPTING TIMBER FROM CONVEYANCE.—The exception of timber from the operation of a deed is the same in effect as a reservation, and the effect would have been the same if there had been an absolute conveyance of the land without any exception or reservation and then a reconveyance of the timber.

2. LOGS AND LOGGING—DEED TO STANDING TIMBER—TIME FOR REMOVAL.—A deed to standing merchantable timber, which specifies no time for its removal, conveys a terminable estate in the timber, which ends when a reasonable time for its removal has expired, after which it becomes the property of the owner of the fee as a part of the land.

3. LOGS AND LOGGING—TIME FOR REMOVAL OF TIMBER.—Where, under a deed of standing timber, which specified no time for removal, the purchaser waited more than 16 years without taking steps to remove the timber when there was no physical hindrance or hardship preventing its removal, a finding by the court that the purchaser had not removed the timber within a reasonable time was not against the preponderance of the evidence.

Appeal from Montgomery Chancery Court; *J. P. Henderson*, Chancellor; affirmed.

*C. H. Herndon* and *Tompkins, McRae & Tompkins* for appellant.

Appellee *pro se*.

McCULLOCH, C. J. This action was brought by appellee in the chancery court of Montgomery County to cancel a deed conveying to appellant the timber on land in that county. The tract of land involved in the controversy contains forty acres, and, on May 2, 1907, C. W. Belcher conveyed to L. Sparkman, appellant's grantor, all of the pine timber of certain dimensions growing on the land mentioned. The deed contained the following clauses:

"It is agreed that said party of the first part shall pay all taxes and assessments levied against said lands and timber and keep the same from all alienation and incumbrance, except such as may be subordinate and subject to * * *.

"It is agreed that, unless such timber shall have been removed within a period of fifteen years from the date hereof, the grantor, his heirs and successors or assigns, shall be responsible for and pay to the first party the full amount of taxes assessed against said land and timber after the expiration of said period of fifteen years from this date until such time as said timber is removed and said possession returned to said first party."

C. W. Belcher died, and his heirs conveyed the land to appellee by deed dated October 1, 1919, but the deed contained an exception of "the pine timber on the north 40 in section 15, which has been sold." The evidence in the case establishes the fact that the forty acres of land mentioned in the deed contained approximately 210,000 feet of pine timber, and that none of it had been removed by appellant when this action was commenced on November 27, 1923.

The chancery court rendered a decree in favor of appellee, canceling the timber deed, and an appeal has been prosecuted to this court.

It is contended by counsel for appellant, in the first place, that appellee has no interest in the timber and no right to maintain the action, for the reason that the timber was expressly excepted from the operation of the deed to him from the Belcher heirs. The exception of timber was the same, in effect, as a reservation, and the effect would have been the same if there had been an absolute conveyance of the land to appellee without any exception or reservation, and then a reconveyance of the timber. This court has frequently announced the law to be that a deed to standing merchantable timber which specifies no time for its removal conveys a terminable estate in the timber, which ends when a reasonable time for the removal of such timber has expired. *Liston* v. *Chapman & Dewey Land Co.,* 77 Ark. 116; *Garden City Stave & Heading Co.* v. *Sims,* 84 Ark. 603; *Fletcher* v. *Lyon,* 93 Ark. 5; *Earl* v. *Harris,* 99 Ark. 112. The real question, then, presented in the case is whether or not the timber has been removed within a reasonable time. If it has not been seasonably removed, and the time to do so has expired, it became the property of the owner of the fee as a part of the land itself.

It is unnecessary to determine in this case whether the effect of the deed from Belcher to Sparkman fixed the time of removal definitely at fifteen years from the date of the deed, for that many years expired before the commencement of the present action. The acceptance by appellee of the deed containing the exception constituted a new point of time, so far as the rights of appellee are concerned, during which the timber may be removed, and, in accordance with the doctrine of the cases cited above, there must have been a removal within a reasonable time after that date. More than four years elapsed without any of the timber having been removed, and the chancellor found that appellant's rights had ceased

by failure to remove the timber. We are of the opinion that the chancellor was correct in this conclusion, or, at least, that the decree is not against the preponderance of the testimony. The evidence tends to show that the timber could have been removed—that there were no physical hindrances—either by hauling to Womble, a distance of about sixteen miles, or hauling it to sawmills located in the neighborhood of this particular tract.

Witnesses testified that the land was high and dry and accessible at all times of the year—that the road from the land to Womble was fairly good at all times of the year. Appellant attempted to bring itself within the doctrine announced in *Burbridge* v. *Arkansas Lumber Co.*, 118 Ark. 94, by showing that it was essential in the management of its business to remove the timber by a log-road advanced from time to time from its mill out into the timber district. Appellant introduced one witness, an employee, who testified that it was not convenient to haul the timber to Womble, and that there were mountain ranges and rivers to cross, which impeded the transportation to the extent that it made it unprofitable, and that it was less expensive and more convenient to do the logging over the railroad constructed by appellant from its mill out into the timber. The testimony of this witness is contradicted more or less by the testimony of the other witnesses, and we do not think that the testimony brings the case within the operation of the Burbridge case, *supra*. The testimony rather brings the case within other decisions where the facts were that the timber had not been expeditiously removed. *Polzin* v. *Beene*, 126 Ark. 46; *Beene* v. *Green*, 127 Ark. 119. There is not sufficient reason shown why the timber was not removed within the four years from the date of the deed to appellee and the commencement of this action.

Decree affirmed.

HART and HUMPHREYS, JJ., dissent.