ORR *v.* SOUTHERN LUMBER COMPANY.

Opinion delivered February 8, 1926.

1. LOGS AND LOGGING—REMOVAL OF TIMBER—REASONABLE TIME.— Where timber was deeded to appellees with the right to remove the same as expeditiously as possible, in determining the question of a reasonable time, it is proper to take into consideration the location of the land, its accessibility, the character and quantity of the timber thereon, the seasonableness of the weather, the facilities obtainable for cutting and removing the timber, and all other conditions and circumstances which might affect the cutting and removal of the timber.

2. LOGS AND LOGGING—TIME FOR REMOVAL.—Evidence *held* to sustain a finding of the chancellor that the defendant was proceeding expeditiously to remove the timber from plaintiff's land.

Appeal from Bradley Chancery Court; *E. G. Hammock,* Chancellor; affirmed.

*Wilson & Martin* and *Lamar Williamson,* for appellant.

*Fred L. Purcell,* for appellee.

McCULLOCH, C. J.  Appellant instituted this action against appellee in the chancery court of Bradley County to cancel a timber deed.  The court, on final hearing of the cause, dismissed the complaint for want of equity, and an appeal has been prosecuted to this court.

Appellant is the owner of a tract of land containing 120 acres, situated in Bradley County, and on October 14, 1905, he executed to appellee a deed to the pine timber.  The deed contained the following clause with reference to the removal of the timber:

"The party of the second part shall cut and remove said timber as expeditiously as possible, and it is agreed

that, unless it shall have removed all the same within a period of thirty years from the date hereof, that it shall be responsible for and pay to the first party the full amount of taxes assessed against said lands after the expiration of said period of thirty years from this date until such time as said timber is removed, and said possession returned to said first party."

None of the timber had been removed up to the commencement of this action on January 1, 1924, and the ground upon which cancellation of the deed was originally sought is that the time for removal has expired— in other words, that the timber could have been removed if reasonably expeditious methods and opportunities had been observed.

After the testimony in the case had been taken, appellant was permitted to amend his complaint by alleging, as grounds for cancellation, that appellee had, without appellant's consent and after execution of the deed, made material alterations therein. The deed was executed on a printed form furnished by appellee and generally used in the purchase of timber, and there was a printed clause which read as follows: "For and in consideration of the sum of_____ dollars, to him in cash paid, the receipt of which is hereby acknowledged, has this day granted, sold and conveyed unto the said party of the second part and its lawful successors and assigns forever, all the _____ timber over twelve inches in diameter on said lands and enough of the smaller timber for skid poles in removing said timber from the land." We have in the record the original deed as well as a certified copy, and the original shows the consideration of $375 written in ink in the blank space left for stating the consideration, and the word "pine" is also written in ink in the blank space left for writing the description of the timber, and ink lines are drawn through the following words, "over twelve inches in diameter," and "enough of the smaller timber for skid poles in removing said timber from the land." This erasure makes the deed convey "all of the pine timber on the land," instead of limit-

ing the grant to timber over twelve inches in diameter. The allegation of the amendment to the complaint is that the erasure was made after the execution of the deed. This is denied by appellee, and we are of the opinion that the finding of the chancellor on this issue is not against the preponderance of the evidence.

The main reliance of appellant is on the appearance of a slight difference in the color of the ink lines and the color of the written words in the deed. An examination of the deed discloses that the ink lines used in erasing the words appear a little heavier and darker than the writings filling out the blank spaces, but the deed is now more than twenty years old, and it would be an unsafe guide to determine the question of wrongful erasure on such an uncertain indication as a slight difference in the shade or color. There are two witnesses who testified concerning the execution of the deed, appellant himself and Mr. Sharp, who was appellee's agent and represented appellee in the purchase from appellant. Sharp could not remember the details of the execution of the deed, but his testimony tended to contradict the claim of appellant that there had been a wrongful erasure. Appellant himself is indefinite as to just what the deed contained. He testified that the deed was read over to him by Sharp at the time of its execution, and that there was no reference in it to skid poles. This tends to show that the erasures were made before the execution of the deed, and not afterwards. The chancellor found that the proof was not sufficient to sustain the charge of wrongful erasure after the execution of the deed, and refused to cancel the deed on that ground. We are of the opinion that he was correct in his finding.

On the other issue in the case, as to the expiration of time, appellant insists that the case should be controlled by the line of cases beginning with *Earl* v. *Harris,* 99 Ark. 112, holding that, under a clause in a timber deed similar to the one found in the deed now under consideration, there must be an expeditious removal of the timber, notwithstanding the maximum time limit prescribed; but

the contention of appellee is that the case is ruled by our decision in *Burbridge* v. *Arkansas Lumber Co.,* 118 Ark. 94.

It appears from the testimony in the present case that, at the time of the execution of the deed by appellant to appellee, the latter was operating a large sawmill, and was the owner of about 75,000 acres of timber land, and held timber deeds to nine or ten thousand acres, making a total timber acreage of about 84,000 acres. Timber and timber lands were cheap in those days, and appellee acquired this large acreage for future supplies for its mill. The plan was to lay off this large acreage into four blocks and build tram-roads or railroads out into the woods to haul the timber to the mill. Of course, the timber could not all be worked at the same time, and it was necessary to follow a system or plan in order to use the material advantageously on a commercial basis.

We think that the testimony in the present case is almost identical with that in the Burbridge case, *supra,* except that there was a greater lapse of time, a difference of about nine or ten years. But the proof in this case seems to be just as strong in holding that the timber could not, under appellee's method of handling it, have been removed within the time shown in this case, as the proof in the Burbridge case showed with respect to the removal during the lapse of time therein involved. The substance of the decision in the Burbridge case is stated in the following clause of the syllabi:

"Where timber was deeded to appellees with the right to remove the same as expeditiously as possible, in determining the question of a reasonable time, it is proper to take into consideration the location of the land, its accessibility, the character and quantity of the timber thereon, the seasonableness of the weather, and the facilities obtainable for cutting and removing the timber, and all other conditions and circumstances which might affect the cutting and removing of the timber."

The doctrine of that case has been distinctly recognized in numerous decisions of our court, and in some,

though found not to be applicable to the given state of facts involved, the doctrine of the case has not, to any extent, been impaired. *Louis Werner Sawmill Co.* v. *Sessoms,* 120 Ark. 105; *Hampton Stave Co.* v. *Elliott,* 124 Ark. 574; *Polzin* v. *Beene,* 126 Ark. 46; *Southern Lumber Co.* v. *Hampton,* 162 Ark. 470; *Ozan-Graysonia Lbr. Co.* v. *Swearingen,* 168 Ark. 595. In *Louis Werner Sawmill Co.* v. *Sessoms* and *Southern Lumber Co.* v. *Hampton, supra,* we found that the facts with reference to the opportunity of appellants to remove the timber were similar to the facts in the Burbridge case. *supra,* with reference to the opportunity of the grantee in the timber deed to make removal, and that the doctrine of the Burbridge case would apply but for the fact that appellants in those two cases were not the original grantees in the deeds executed by the owners of the timber. We held that the time for expeditious removal must be determined according to the terms of the original grant by the owner and the circumstances surrounding that grant, and not those which attended the subsequent conveyance of the timber by the original purchaser. The present case falls squarely within the doctrine of the Burbridge case, for the facts are the same, not only with reference to the situation of the parties, but the appellee here is the original purchaser from appellant as the owner of the land, and we must construe the deed in the light of circumstances that existed at that time.

Our conclusion upon the whole case is that the chancery court was correct in refusing to cancel the deed, and the decree is affirmed.