NEAL v. ARKANSAS LUMBER COMPANY.

Opinion delivered April 25, 1927.

LOGS AND LOGGING—EXPEDITIOUS REMOVAL OF TIMBER.—Lumber company acquiring deeds to timber in 1913 and 1917 *held* to have proceeded expeditiously, though cutting was delayed until 1923, where owner's original deed, executed in 1902, required removal in 25 years, and company had other timber to remove in vicinity.

Appeal from Bradley Chancery Court; *E. G. Hammock*, Chancellor; affirmed.

*Wilson & Martin* and *Compere & Compere,* for appellant.

*Fred L. Purcell* and *Williamson & Williamson,* for appellee.

McHANEY, J. On June 9, 1902, appellant, O. F. Neal, being the owner of a 320-acre tract of land in Bradley County, Arkansas, west of the Lagles, executed and delivered a deed conveying all the pine timber on said land 12 inches and over in diameter to the Bradley Lumber Company, its successors and assigns, for a valuable consideration. This deed contained an expeditious clause as follows:

"The party of the second part shall cut and remove said timber as expeditiously as possible, and it is agreed that, unless it shall have removed all the same within a period of twenty-five years from the date hereof, it shall be responsible for and pay to the first party the full

amount of taxes assessed against said lands after the expiration of said period of 25 years from this date until such time as said timber is removed and said possession returned to said first party."

At that time, and now, there were three large lumber companies in Warren, the Bradley, the Arkansas and the Southern, each actively competing with the other in the acquisition of vast areas of valuable pine timber with which Bradley County was richly blessed. Each of said companies had spent large sums of money in the establishment of mammoth lumber manufacturing plants, and immediately set about the business of acquiring sufficient timber from the owners thereof to supply and operate their respective plants for many years to come. Each of said companies employed agents to buy timber for them, and appellant was so employed from 1900 to 1904, during which time he purchased 5,000 acres or more of timber for his principal, the Bradley Lumber Company. Buying was more or less indiscriminate as to location, and the result was that each of said companies acquired valuable tracts of timber scattered over the county, or, to use the language of the learned chancellor, "checkerboarded to a considerable extent all over Bradley County." Appellant wrote the deeds, or many of them, for timber purchased for his principal, and all deeds had the same or similar expeditious clause as above set out, with probably some variation as to the time given to cut and remove. Early in their operations these companies had not matured plans for logging operations, and had inadequate transportation facilities for the bringing of the logs to the mills. But, as time passed, plans were matured, large bodies of timber lands were blocked together, and logging roads were constructed in such a way as to reach their respective timber areas with spur tracks branching off to reach more distant tracts. The Arkansas and Southern so constructed their facilities to reach timber owned by them west of the Lagles, while the Bradley's log-road ran south, east of the Lagles. The Bradley Lumber Company has never had any facilities

for bringing its timber on the Neal tract into Warren, but the Arkansas did have, so these companies began the system of exchanging tracts for the purpose of the expeditious removal of the timber therefrom. On May 1, 1911, this court decided the case of *Earl* v. *Harris,* 99 Ark. 112, 137 S. W. 806, in which a similar clause was construed, and this decision caused some apprehension in the minds of the holders of similar timber deeds as to the time in which the timber must be removed. Therefore, on August 10, 1912, the Bradley Lumber Company secured from appellant another deed to the same tract of timber, with a like expeditious clause, except the time limit was 15 years instead of 25 years, and the words, "when cut," were inserted in the deed, so as to convey all the pine timber over 12 inches in diameter when cut. This deed recited a consideration of $480, written in a blank space with pen and ink, as was also the fifteen years in which to cut and remove.

Appellant says that this was not the real consideration, and that he did not execute the deed with that consideration in it, nor was the word "fifteen" written in the blank space at the time he signed it, and in this respect it is his contention that the deed is a forgery in that it was altered after its execution, without his knowledge or consent.

On March 22, 1913, the Bradley Lumber Company conveyed three forties, or 120 acres, of this timber to the appellee, Arkansas Lumber Company, and on the 8th day of February, 1917, it conveyed to appellee the other five forties, or 200 acres of said timber. Thereafter, in 1923, appellee, in accordance with its plans for the cutting and removal of timber owned by it, began the extension of its logging road into the territory covered by these deeds, and was preparing to construct its road across this particular land when appellant served notice upon it that it could not construct its road across his land, or cut and remove the timber therefrom. Appellee thereupon brought suit in the Bradley Chancery Court to enjoin appellant from interfering in any way with the construction of its log-road, or from interfering with it in the cut-

ting and removal of said timber. A temporary restraining order was issued against appellant, a hearing was had on a motion to dissolve the temporary restraining order, which was denied, and the order continued. He thereupon filed a demurrer, answer and cross-complaint, in which he sought to enjoin appellee from cutting said timber. Thereafter both parties took voluminous testimony, and, on a final hearing, the court overruled the demurrer to the complaint, dismissed the cross-complaint of appellant for want of equity, made the temporary injunction permanent, and, in the meantime, the timber having been cut from said land, decreed title to the timber in appellee and sustained appellee's right to cut and remove the same at the time it was done in 1923 and 1924. Appellant excepted, prayed and was granted an appeal to this court.

Appellant makes several contentions regarding the deed of 1912, the purposes of its execution, and questions the validity of said deed, in that it was materially altered after it was executed; also that the Arkansas Lumber Company, conceding the validity of the deed in 1912, has not complied with the expeditious clause therein. We do not agree with appellant in any of these contentions, and, in our view of the case, the deed of 1912 from appellant to the Bradley Lumber Company is unimportant, as we are of the opinion that the deed executed in 1902 was still effective, and that the Bradley Lumber Company had the title to said timber under said deed at the time it conveyed to appellee in 1913 and 1917. Under this view of the case, as above stated, the timber deed of 1912 is unimportant. But, even conceding the invalidity of the deed of 1902, we are convinced that the findings of the chancellor, with reference to the effectiveness and validity of the deed of 1912, is supported by the preponderance of the evidence, at least we cannot say that the findings are against the clear preponderance of the evidence.

This case falls within the facts and is ruled by the principles announced in the cases of *Burbridge* v. *Arkan-*

*sas Lumber Co.,* 118 Ark. 94, 178 S. W. 304, and *Orr v. Southern Lumber Co.,* 170 Ark. 361, 279 S. W. 1013. Under these decisions we hold that the Arkansas Lumber Company proceeded expeditiously, after it acquired same under the deeds of 1913 and 1917, to cut and remove the timber therefrom. As stated by the chancellor, "true, this timber seems to have been the last removed by the Arkansas Lumber Company in the vicinity," but, as he again stated, "in the nature of things there had to be a last cutting of timber, and, in view of the apparent ill feeling that existed between the parties, it is unfortunate that this timber should be the Neal timber."

In this view of the case it becomes unnecessary to discuss the amount of timber cut and removed from said lands, or its value. The decree of the chancery court is right, and it is accordingly affirmed.