# CHARLESTON.

R. L. JOYCE *v.* EARLY GIBSON

(No. 6250)

Submitted October 16, 1928.   Decided October 23, 1928.

*Minter & Minter* and *Charles L. Estep,* for appellant.
*C. A. Joyce* and *W. L. Boyce,* for appellee.

LITZ, JUDGE:

The defendant, Earl Gibson, appeals from a decree of the circuit court enjoining and restraining him from cutting and removing timber claimed by the plaintiff, R. L. Joyce.

By deed bearing date June 10, 1890, Joel Gibson and wife conveyed to the plaintiff, R. L. Joyce, with covenants of general warranty of title, "all the timber and trees of every kind except enough to keep up the farm and buildings" on a tract of land in Logan county, "with right to cut and remove the same * * * and all necessary and convenient land, roads and rights of way to and from said timber and trees, for the purpose of cutting, removing, manufacturing and marketing the same; also all the mines, coal, salt, oil, gas and minerals of every name and kind in, upon and underlying said tract of land except enough coal for domestic use on the farm, with the right and privilege of digging, mining, removing and carrying away the same, together with all necessary and convenient land for openings for all mines, chutes, trestles, ways, tracks and rights of way to develop and market said mines, to manufacture and to market the products of said mines." The deed contains the *habendum* clause "to have and to hold unto the party of the second part, his heirs and assigns forever."

The defendant contends that the deed conveyed a defeasible estate in the timber determinable by failure of the grantee to cut and remove it within a reasonable time. The cases of *Williams* v. *McCarty,* 82 W. Va. 158, *Hill* v. *Vencill,* 90 W. Va. 136, and *Stump* v. *Moore,* 104 W. Va. 513, hold that a conveyance of timber, in which no time for removal is specified, creates an estate defeasible by failure of the grantee to remove it within a reasonable time. The plaintiff accedes to the rule enunciated in these cases, but insists that the *habendum* clause in the deed under consideration vests in the grantee an absolute and unconditional fee in the timber, entitling him and his successors to a perpetual right to have it remain on the land and a perpetual right to enter and remove it. It may be that such estate in standing timber can be conveyed, but the deed, to have this effect, should manifest an intention to do so in clear and unmistakable

language. "Of course the principle which protects freedom of contracts and *jus disponendi* is not to be ignored, but recognized unless its application produces unreasonable, unnatural and intolerable results, *such as would necessarily flow from the exercise of a perpetual claim of right to enter upon the land of another,* sever and manufacture into lumber the timber thereon and market the product. Indeed such contracts are so far in general disfavor that even though no time be specified in which the timber shall be removed it is very uniformly held that there is an obligation to remove the timber within a reasonable time after the making of the contract." *Hill* v. *Vencill,* cited. In an elaborate annotation to *McRae* v. *Stillwell,* (Ga.), 55 L. R. A., 513, 531, it is stated: "Where the conveyance contains no provision as to exercising the right of removal the purchaser will be allowed a reasonable time to remove the timber, and according to the weight of authority, he will be held to have lost all right in the timber on his failure to remove it within such time. Some cases hold, however, that, although the right to enter and remove the timber is lost by failing to remove it within a reasonable time, the title to it remains in the purchasers; and some cases hold that the purchaser has a right to the timber forever, although it is generally considered that in such case *the intent to convey such right must clearly appear from the instrument.*" Does the deed measure up to this requirement? The incidental grant of rights of way over the land "for the purpose of cutting, removing, manufacturing and marketing" the timber, and the provision in the deed excepting enough timber "to keep up the farm and buildings" are inconsistent with the idea that the surface was to be perpetually burdened with the ownership of the timber in the grantee and his successors.

We do not think the *habendum* clause adds anything to the grant, in view of section 8, chapter 71, Code, which provides that where any real estate is conveyed, devised, or granted to any person without any words of limitations, such devise, conveyance, or grant shall be construed to pass the fee simple or the whole estate or interest which the testator or grantor had power to dispose of in such real estate, unless a contrary intention shall appear by the will, conveyance, or

grant. So holding, we are of opinion that the intent to convey an estate in perpetuity does not clearly appear from the instrument. Eight or ten years ago all the timber eighteen inches, and part of the timber sixteen inches in diameter, was cut and removed by the grantee or his assigns. No entry, however, has since been made by the plaintiff or anyone claiming under him for the cutting or removal of any timber.

The plaintiff further contends that the timber was conveyed as an incident to the ownership of the minerals, and, that the grantee has the right to cut and remove it so long as the minerals last. This position does not strengthen the title of the plaintiff to the timber. The case of *The Sun Lumber Company* v. *Nelson Fuel Company*, 88 W. Va. 61, holds that the grant of timber for mining purposes in a conveyance of the minerals does not prevent the removal of the timber by the grantor, and that such grant of the timber confers upon the grantee merely the right to use such timber for mining purposes as may remain on the land at the time of mining.

Being of opinion that a reasonable time within which to cut and remove the timber conveyed, if, indeed any of it remains on the land, has expired, the decree of the circuit court is reversed and the bill of complaint dismissed.

*Decree reversed; bill dismissed.*