Union Saw Mill Company *v.* Agerton.

Opinion delivered March 3, 1930.

146

*Gaughan, Sifford, Godwin & Gaughan,* for appellant.

*J. V. Spencer* and *Marsh, McKay & Marlin,* for appellee.

HART, C. J., (after stating the facts). It is earnestly insisted that the judgment should be reversed because the evidence is not legally sufficient to support the verdict. In making this contention, counsel for the defendant insist that the timber was cut and removed within a reasonable time by the defendant. The record shows that the defendant was the original owner of the land and conveyed it by warranty deed to Henry F. Murray on the 20th day of December, 1906. In the deed, the defendant reserved to itself the timber on the land, with the right of ingress and egress to its employees and teams to cut and remove the timber. The deed shows that the parties intended that the timber should be severed from the land, and no time was fixed therefor. In such cases the inference is that the timber shall be removed within a reasonable time. *Earl* v. *Harris,* 99 Ark. 112, 137 S. W. 806; *Burbridge* v. *Arkansas Lumber Co.,* 118 Ark. 94, 204 S. W. 304; *Young* v. *Cowan,* 134 Ark. 539, 178 S. W. 304;

*Ozan-Graysonia Lumber Co.* v. *Swearingen,* 168 Ark. 595, 271 S. W. 6; and *Orr* v. *Southern Lumber Co.,* 170 Ark. 361, 279 S. W. 1013.

Subsequently, the plaintiff became the owner of the land and sued the defendant in trespass for cutting the timber from the land in the first part of 1928. The defendant admitted cutting the timber and hauling it from the land, but justified its action on the ground that the timber had been excepted from the grant when it conveyed the land; and, under the authorities above cited, it had a reasonable time within which to remove the timber. It also claimed that the time was not unreasonable when its plan of conducting its business was considered. What is a reasonable time depends upon circumstances, such as the quantity of timber, the character of it, facilities for marketing it, and all other facts and circumstances showing the conditions surrounding the parties at the time of the execution of the contract. In cases of dispute, this becomes a question of fact for the determination of the court or of the jury trying the case. This has become the settled rule of this court and has been applied in numerous cases according to the facts of each particular case. No two state of facts are precisely the same; and in cases where the jury is the trier of the facts, its verdict must be final on appeal if there is any substantial evidence to support it.

Tested by this rule, it cannot be said that there is no substantial evidence to base a verdict in favor of the plaintiff. The jury might have legally inferred from the evidence adduced by the plaintiff that it was convenient and practical for the defendant to have cut and removed the timber from the land when it established a spur track near it in the latter part of 1906, and kept it there for the ensuing two years. The record shows that the defendant kept a crew of men to cut and remove the timber from its lands, and that it took them but a few days to cut the timber in question. It employed private carriers to haul the timber from the land to its spur track, and the jury

might have found that it could have done this equally as well when it established its first spur track near the land, as it could have done to have waited until the first of the year 1928 to do so. As we have already seen, the deed itself shows that severance of the timber from the soil was contemplated, and it became the duty of the defendant to cut and remove the timber within a reasonable time. Under all the facts and circumstances surrounding the transaction, we think the jury might legally infer that the defendant failed to cut and remove the timber within a reasonable time and had therefore forfeited its right thereto. The evidence for the plaintiff also justified the amount of damages found by the jury.

We find no reversible error in the record, and the judgment will therefore be affirmed.