PROBST *v.* YOUNG.

4-2982

Opinion delivered April 17, 1933.

235

*W. F. Reeves,* for appellant.

JOHNSON, C. J., (after stating the facts). We think the trial court erred in giving appellee, Gus Young, one year additional time in which to cut and remove the tim-

bers from the lands in controversy. The release of the timber rights from the Wilber mortgage made on October 31, 1912, and the timber deed from Dodd to the Redus Lumber Company of date November 2, 1912, and the quitclaim deed executed by Dodd to the appellee, Young, in 1915, when construed together, had the same effect as if Dodd had reserved in himself the timber rights in the first instance and had executed a separate timber deed thereto.

This court has held: "The exception of timber (in a deed) is the same in effect as a reservation, and the effect would have been the same if there had been an absolute conveyance of the land to appellee without any exception or reservation, and then a reconveyance of the timber." *Ozan-Graysonia Lumber Company* v. *Swearingen,* 168 Ark. 595, 271 S. W. 6.

The Green release of October 31, 1912, and the quitclaim deed from Dodd to Young of February 27, 1915, had the effect of a conveyance of all the timber rights of Dodd in and to the lands described in said deed with no limitation on the time of removal of such timber.

This court has frequently held that a deed to standing merchantable timber which specifies no time for its removal conveys a terminable estate in the timber, which ends when a reasonable time for the removal of such timber has expired. *Fletcher* v. *Lyon,* 93 Ark. 5, 123 S. W. 801; *Earl* v. *Harris,* 99 Ark. 112, 137 S. W. 806.

When the conveyances in the instant case are read in the light of "a reasonable time to remove," the then pertinent question for determination is whether or not that time had expired prior to the filing of this suit. The Redus Lumber Company deed expired on November 2, 1917, therefore it became the duty of the appellee to make immediate arrangements for the removal of the timbers from said lands within a reasonable time thereafter. Appellee permitted almost fifteen years to elapse prior to the bringing of this suit, and made no preparation for the removal of the timbers from said lands. There was no testimony presented in this record as to the accessibility or inaccessibility of the timber to market, neither did appellee attempt to show that he had used any diligence

whatever in cutting or removing the timber. We think that a delay of fifteen years, under the circumstances in this case, is unreasonable.

This court held in *Dunn* v. *Forrester*, 181 Ark. 696, 27 S. W. (2d) 1005, ''The grantee waited over twenty years before beginning to cut and remove the timber. Such a length of time was unreasonable. It does not make any difference that it would not have been profitable to have begun operations sooner. While no hard and fast rule should be laid down, and each case must depend upon its own particular facts, we are of the opinion that 20 years were too long to wait in the present case.'' This language has application to the facts in this case. The actual severance of the timber rights from the fee simple title occurred on November 2, 1912, almost twenty years before the decree was entered in this case. The Redus Lumber Company did not remove the timber within the five years given it, and, when the time for removal given to the Redus Lumber Company is added to the time which appellee Young has permitted to expire, the two periods aggregate approximately twenty years. This length of time is unreasonable under the facts and circumstances in this case. No additional time should have been given appellee in which to cut and remove the timbers from this land, but, on the contrary, the chancellor should have quieted and confirmed appellants' title and canceled the outstanding quitclaim deed held by appellee, Young.

For the error indicated, the decree of the Marion Chancery Court is reversed, and the cause remanded with directions that a decree be entered in conformity with law and not inconsistent with this opinion.