PERSON v. ELMBLAD.

1. LOGS AND LOGGING—TIMBER SALES CONTRACTS.
  Timber sales contracts are subject to general and well-established principles of law.

2. SAME—CONSTRUCTION OF TIMBER SALE CONTRACT.
  A simple contract for the sale of growing timber, to be cut and removed from the land by the purchaser is not to be construed as intended by the parties to convey any interest in land but as an executory contract for the sale of timber after it shall have been severed from the soil.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4] 34 Am Jur, Logs and Timber § 50.
[3] 17 Am Jur 2d, Contracts § 244.
[5, 6] 34 Am Jur, Logs and Timber § 45.
[7] 34 Am Jur, Logs and Timber § 137.

3. CONTRACTS—CONSTRUCTION.

The intent of the parties to an instrument is obtained by construing the language of the parties in the light of its usual significance.

4. LOGS AND LOGGING—CONSTRUCTION OF TIMBER SALE CONTRACT.

Instrument entitled "bill of sale of timber" wherein plaintiffs' predecessor in title of land conveyed "all the timber now standing," providing that "all maple trees under 9 inches are to be left," and including "the right to enter upon said land and to cut and remove said timber belonging to us and now in our possession" *held*, to constitute a bill of sale of timber and not a grant of an interest in realty notwithstanding fact that instrument is replete with legalistic jargon.

5. SAME—LICENSE TO CUT TIMBER—TIME.

A license to enter upon land to cut and remove timber must be acted upon within a reasonable time.

6. SAME—LICENSE TO CUT TIMBER—50 YEARS.

Fifty years is an unreasonable length of time within which to remove standing timber in possession of the grantor at time of granting a license to cut timber on a "forty".

7. DAMAGES—REMOVAL OF TIMBER—TREBLE DAMAGES.

Plaintiffs, successor owners of land on which defendants cut and removed timber some 50 years after plaintiffs' predecessors had granted a license to defendants' predecessor to cut some of the standing timber, *held*, entitled to single damages only, not treble damages (CL 1948, § 692.451).

Appeal from Baraga; Brennan (Leo J.), J. Submitted Division 3 May 13, 1965, at Marquette. (Docket No. 270). Decided September 20, 1965. Leave to appeal granted by Supreme Court January 24, 1966. See 377 Mich 698. Appeal dismissed, 378 Mich 429.

Bill of complaint by Agnes O. Person and others against Oscar Elmblad and Elmblad & Son, a copartnership consisting of Oscar Elmblad and Kermit Elmblad, to quiet title to certain timber lands owned by plaintiffs and to enjoin defendants from cutting and removing timber. John O. von Zellen, Sigrid A. von Zellen, and Ernest A. von Zellen intervened as

defendants. Judgment for defendants. Plaintiffs appeal. Reversed and remanded for entry of judgment for plaintiffs.

*Baldwin & Kendricks (Robert M. Bordeau,* of counsel), for plaintiffs.

*Messner & LaBine,* for defendants Elmblad.

*John O., Sigrid A.,* and *Ernest A. von Zellen, in propriis personis.*

BURNS, J. Plaintiffs appeal from an order dismissing their complaint in which they sought a permanent injunction against defendants from cutting timber on plaintiffs' property and for damages for timber cut by defendants in 1959. The plaintiffs further appeal from an order denying motion for new trial.

In 1909, Mr. and Mrs. Olof Olson, holders of title in fee to the land in question, gave an instrument titled, "Bill of Sale of Timber" to "Iver Oscar V. Zellen, Jr. and John Oscar Zellen." The von Zellens first exercised their rights under this agreement in 1942, and cut approximately $3,000 worth of timber. Mrs. Olson commenced suit and it appears the court enjoined the cutting of timber and it ceased with no further litigation.

In 1959, the von Zellens by quitclaim deeds conveyed their interest in the timber on this land to Oscar Elmblad, one of the defendants. When defendants entered the land in 1959 and cut trees said to be valued at $642.90, plaintiffs brought this suit. Prior to the cutting of said trees, plaintiff Person advised defendants not to cut timber on the land.

Appellants claim that the Olsons did not intend to transfer an interest in realty by their "Bill of Sale of Timber" in 1909, rather that by this instrument the Olsons gave a bill of sale for personalty with a li-

cense to enter upon the realty to remove same within a reasonable time, and that 50 years was an unreasonable time for such license to continue. Appellants further claim that they are entitled to treble damages under CL 1948, § 692.451 (Stat Ann § 27.2161).*

Appellees claim that from an examination of the instrument, which embodies a habendum clause, a warrant and defend clause, and a conveyance to the executors, administrators, and assignors of the grantees, it is clear that an interest in realty was conveyed, coupled with an irrevocable license to cut timber.

Intervenors filed a brief, claiming that since there was no time limit mentioned in the bill of sale, the timber belonged to the von Zellens in fee simple by virtue of the warranty deed from the Olsons, and this interest the von Zellens conveyed to appellees.

The significant parts of the instrument in question read as follows:

"BILL OF SALE OF TIMBER
Olof Olson & Mary Olson

to

Iver Oscar V. Zellen, Jr.

Know all men by these presents, That we Olof Olson and Mary Olson  *  *  *  for and in consideration of the sum of one dollar and other valuable considerations  *  *  *  have bargained and sold, and by these presents do grant and convey, unto the said parties of the second part their executors, administrators or assigns, all the timber now standing, lying and being upon the north west quarter of the north west quarter of section thirty-three, township fifty-two north of range thirty west. All maple trees

---

* See, currently, CLS 1961, § 600.2919 (Stat Ann 1962 Rev § 27A.2919).

under 9 inches are to be left on said land. This includes the right to enter upon said land & to cut and remove said timber, belonging to us and now in our possession at Arvon township.

"To have and to hold the same unto the said parties of the second part their executors, administrators and assigns, forever. And the said parties of the first part, for their heirs, executors and administrators, do covenant and agree to and with the said parties of the second part their executors, administrators and assigns, to warrant and defend the sale of said property, goods and chattels hereby made, unto the said parties of the second part their executors, administrators and assigns, against all and every person or persons whatsoever."

The instrument was signed, witnessed, acknowledged, and notarized.

The question before this Court is whether the aforesaid instrument constituted a sale of timber coupled with a license to enter and remove it and for what period of time, or if the instrument constituted a grant of an interest in realty.

In *Wade* v. *Day* (1925), 232 Mich 458, 463, the Supreme Court of this State recognized the difficulty of interpreting timber sales contracts when it stated:

"We have examined the decisions relative to timber sales, and find no case for the conveyance just like this one, have discovered the futility of trying to fit one timber sale decision to another set of facts, and find we can do no more than apply general and well-established principles of law to the case at bar."

A general rule in cases involving an agreement for the sale of timber by which this Court is guided has been stated in *Sorenson* v. *Jacobson* (1951), 125 Mont 148, 152 (232 P2d 332):

"By the weight of authority such a parol or simple contract for the sale of growing timber, to be cut and

removed from the land by the purchaser, is not to be
construed as intended by the parties to convey any
interest in land, but as an executory contract for the
sale of the timber after it shall have been severed
from the soil."

To determine the nature of the instrument before
us, we must look to the instrument to find the intent
of the parties and in so doing the Court must con-
strue the language of the parties in the light of its
usual significance. *McCastle* v. *Scalon* (1953), 337
Mich 122, 128.

Looking to the instrument in the case at bar, we
find such words as "all the timber *now* standing," and
"all maple trees under 9 inches are to be left on said
land," and "this includes the right to enter upon said
land and to cut and remove said timber belonging
to us and *now* in our possession at Arvon township,"
and "warrant and defend the sale of said property,
goods and *chattels.*" (Emphasis added.)

Although the instrument is replete with legalistic
jargon, the clear and unambiguous intent of the par-
ties nonetheless comes through when they speak,
among other things, of standing timber and exclude
certain maples. A very significant indication of the
intent of the parties is found in the last sentence of
the first paragraph of the instrument when they say,
"to cut and remove said timber belonging to us and
now in our possession at Arvon township." We con-
clude from a reading of this instrument that it con-
stituted a bill of sale of timber and not a grant of an
interest in realty.

As the license to cut and remove timber does not
specify a termination date, to determine what is a
reasonable period, we must again apply the general
rule as enunciated in 34 Am Jur, Logs and Timber
§ 45, p 522:

"As in the case of grants or contracts of sale specifying no time for removal, it has been held that a license to enter upon the land to cut and remove timber must be acted upon within a reasonable time."

See, also, *Wilson Cypress Co.* v. *Stevens* (1932), 106 Fla 717 (143 So 661).

Other jurisdictions in determining what was a reasonable time to cut and remove timber where no time was specified held in *Nelson* v. *McKinny* (1931), 163 Wash 529 (1 P2d 876), that 22 years was not a reasonable time; in *Kalinoski* v. *Carlisle Lumber Co.* (1943), 17 Wash 2d 662 (137 P2d 109), that 18 years was not a reasonable time; and in *Probst* v. *Young* (1933), 187 Ark 233 (59 SW2d 17), that 20 years was not a reasonable time.

In the case before us, 50 years would be an unreasonable length of time in which to remove standing timber in possession of the grantor at the time of the sale on a plot the size involved herein.

The only remaining issue to consider in this case is the question of plaintiffs' request for treble damages. CL 1948, § 692.451 (Stat Ann § 27.2161), provides:

"Any person who shall cut down or carry off, any wood, underwood, trees or timber, * * * on the land of any other person, * * * without the leave of the owner thereof, * * * shall be liable to the owner of such land * * * in 3 times the amount of damages which shall be assessed therefor in an action of trespass, by a jury, or by a justice of the peace in the cases provided by law."

The facts as presented in the record on appeal do not entitle the plaintiffs to treble damages under the statute.

Judgment in favor of defendants is reversed, setting aside an order dismissing plaintiffs' bill of com-

plaint and the cause remanded for entry of a judgment in favor of plaintiffs not inconsistent with this opinion. Costs to appellants.

LESINSKI, C. J., and HOLBROOK, J., concurred.