2008-NMCA-112

191 P.3d 588

**Pablo MARRUJO and Shirley Marrujo, Plaintiffs–Appellants,**

v.

**Dusty SANDERSON and Dana Sanderson, Defendants–Appellees.**

**No. 27,689.**

Court of Appeals of New Mexico.

July 15, 2008.

Brown & Gallegos, Wilma Jean Brown, Las Vegas, NM, for Appellants.

Alsup Law Office, Gary D. Alsup, Clayton, NM, for Appellees.

## OPINION

CASTILLO, Judge.

{1} In this case, we determine whether a reservation of timber rights, which is set forth in a deed, established a perpetual right or, instead, created a right to harvest timber only for a reasonable period of time. The district court adopted the latter view, and we affirm.

## I. BACKGROUND

{2} In 1969, the predecessors in interest of Appellants (Marrujos) conveyed certain property to the predecessors in interest of Appellees (Sandersons). The deed contains a reservation, which provides that "Grantors, their heirs and assigns, [reserve] all timber measuring [eighteen] inches in circumference measured [eighteen] inches above the ground[,] ... together with rights to ingress and egress for the purpose of harvesting and removing said timber." Through the years, the continuing validity of the reservation and the right to access the property have been sources of contention. In 2005, the Marrujos filed suit, seeking declaratory and injunctive relief, as well as damages, for wrongful interference with the rights reserved in the deed.

{3} The Sandersons moved for summary judgment and asserted that the deed was clear and unambiguous and that, as a matter of law, the language in the deed did not reserve timber rights in perpetuity. They further argued that because the timber rights are not perpetual, the reservation should be regarded as a terminable estate, which would expire after a reasonable period of time. Based on this argument, the Sandersons contended that the nearly four decades that had elapsed exceeded any reasonable time frame and that the Marrujos' timber rights should be deemed to have expired. The Marrujos argued to the district court that the language of the reservation was plain but that the deed established a right to the timber in perpetuity. In the alternative, the Marrujos contended that a reasonable time had not yet passed and that the reservation had therefore not yet expired. The district court ruled in the Sandersons' favor and found that because there were no disputed material facts, the Sandersons were entitled to summary judgment, which terminated the reservation of timber rights as a matter of law. This appeal followed.

## II. STANDARD OF REVIEW

{4} "On a motion for summary judgment, the initial burden is on the movant to make a prima facie showing of the absence of any genuine material factual issues of fact and that it is entitled to judgment as a matter of law." *Los Ranchitos v. Tierra Grande, Inc.*, 116 N.M. 222, 227, 861 P.2d 263, 268 (Ct.App. 1993). "Once the movant has made a prima facie showing that it is entitled to relief, the nonmoving party must respond by affidavit or other means demonstrating the existence of genuine material factual issues bearing on each of its claims." *Id.* We review the award of summary judgment de novo. *McGarry v.*

*Scott*, 2003–NMSC–016, ¶ 5, 134 N.M. 32, 72 P.3d 608.

## III. DISCUSSION

▮ {5} We first consider the question of whether the reservation of rights in the deed is ambiguous regarding the duration of the reserved rights. "Whether ambiguity exists [in a deed] is a question of law." *Schleft v. Bd. of Educ.*, 109 N.M. 271, 276, 784 P.2d 1014, 1019 (Ct.App.1989). The deed reserved "all timber measuring 18 inches in circumference measured 18 inches above the ground[,] ... together with rights of ingress and egress for the purpose of harvesting and removing said timber" for the benefit of the original grantors and their heirs and assigns. In the district court, the parties claimed that the deed unambiguously supported their opposing points of view. The Marrujos have maintained that the reference to "heirs and assigns" has occasionally been regarded to suggest a lengthy or perpetual right. *See, e.g., R.M. Cobban Realty Co. v. Donlan*, 51 Mont. 58, 149 P. 484, 486–87 (1915); *State ex rel. Okla. Planning & Res. Bd. v. Smith*, 317 P.2d 219, 223–24 (Okla.1957). *But see Joyce v. Gibson*, 106 W.Va. 221, 145 S.E. 279, 279–80 (1928). Conversely, the Sandersons have argued that language referring to timber with specific qualities, such as a minimum circumference, reflects an intent to limit duration of the timber interest to a reasonable time. *See, e.g., Livingston v. Drew Lumber Co.*, 82 Fla. 508, 90 So. 466, 468 (1921). *But see Vanbever v. Evans*, 296 Ky. 378, 177 S.W.2d 148, 148–49 (1944). These arguments demonstrate that the intent behind the grant is not immediately clear with regard to the duration of the reservation. We therefore conclude that the terms contained in the reservation do not provide a clear expression of intent, and as a consequence, we conclude that the document is ambiguous. *See Young v. Thomas*, 93 N.M. 677, 679, 604 P.2d 370, 372 (1979) ("The mere fact that we have to speculate demonstrates the ambiguity of the agreement.").

▮ {6} Ordinarily, if the document in question is ambiguous, summary judgment is inappropriate because there are necessarily material facts in dispute that must be re-solved by the trier of fact. *See Sanchez v. Borrego*, 2004–NMCA–033, ¶ 2, 135 N.M. 192, 86 P.3d 617 (explaining that "[i]f the [c]ontract so construed is reasonably and fairly susceptible of different constructions, an ambiguity exists, and summary judgment is not proper"). However, ambiguity of terms has a different connotation in the context of a reservation of timber rights. Our Supreme Court has observed that although

> an estate in perpetuity may be created in standing timber if such is the intention of the parties[,] ... a perpetual right to enter and remove timber from land is so unreasonable in its nature that no agreement will be construed as conferring this right unless the intention of the parties so to do is plainly manifested.

*Beal v. Las Vegas Sav. Bank*, 66 N.M. 480, 484–85, 349 P.2d 1044, 1047 (1960) (internal quotation marks and citation omitted). We read this language to create a presumption against perpetual timber interests that should be applied in the absence of clear language manifesting an intent to create perpetual rights. Many other states have concluded that an estate in timber is presumed to be of limited duration, unless the parties provide a clear expression of intent to establish a perpetual fee simple interest. Although this approach has not been universally adopted, *see Ecosystem Res., L.C. v. Broadbent Land & Res., L.L.C.*, 2007 WY 87, ¶ 22, 158 P.3d 685 (Wyo.2007), it has gained wide acceptance. *See, e.g., Livingston*, 90 So. at 468; *McRae v. Stillwell*, 111 Ga. 65, 36 S.E. 604, 606 (1900); *Clyde v. Walker*, 220 Or. 137, 348 P.2d 1104, 1106–07 (1960); *Johnson v. Powhatan Mining Co.*, 127 Va. 352, 103 S.E. 703, 707 (1920); *Leuthold v. Davis*, 56 Wash.2d 710, 355 P.2d 6, 7–8 (1960); *Joyce*, 145 S.E. at 279–80. Perpetual interests in timber constitute extreme burdens, which so severely impair surface owners' use and enjoyment of their property that perpetual interests of this nature should be disfavored. *See Smith*, 317 P.2d at 223 (observing that "it has been widely held that a grant or reservation of timber will not be construed as giving a perpetual right, unless it is plainly manifest that such was the intent of the parties, since such rights are ex-

tremely burdensome," as well as cataloging cases to this effect); *Ecosystem Res.*, 2007 WY 87, ¶ 23, 158 P.3d 685 ("The policy espoused for limiting the duration of a timber interest generally holds that it is unreasonable to perpetually burden the land with the timber interest because the surface owner cannot make use of his interest while the timber owner exploits his interest or until the timber is cleared from the land.").

{7} The Marrujos attempt to distinguish *Beal* based on the purported difference between a contract for the sale and purchase of timber, which was at issue in *Beal*, 66 N.M. at 481, 349 P.2d at 1044, and a reservation of timber rights by deed, which is the subject of the current dispute. We find this distinction to be unavailing. The Marrujos cite no persuasive authority for the proposition that the duration of an estate in timber depends upon the nature of the document by which that estate is established. Nor are we aware of any such authority. To the contrary, it appears that reservations and exceptions are generally deemed to have no greater or lesser effect than timber deeds and contracts. *See, e.g., Smith*, 317 P.2d at 222 ("To hold ... that a separate estate in timber created by grant creates merely a terminable estate ... but that a separate estate in timber created by exception or reservation creates a fee simple estate, or a perpetual right ..., would be to make a distinction without basis in law or logic[.]"). As a result, we reject the Marrujos' categorical assertions.

{8} Additionally, the Marrujos contend that NMSA 1978, §§ 47–1–33, –34 (1947), require this Court to construe the reservation as broadly as possible in the absence of a clear expression of intent to convey a lesser estate. Section 47–1–33 provides that "[a] deed or reservation of real estate shall be construed to convey or reserve an estate in fee simple, unless a different intention clearly appears in the deed." This statute does not support the Marrujos' position because the statute could be read in favor of either the broadest possible conveyance or the broadest possible reservation. Moreover, in the singular context of timber estates, we do not believe that the generalization set forth in Section 47–1–33 should be relied upon to establish a presumption in favor of perpetual

interests, particularly in light of our Supreme Court's direction in *Beal*. 66 N.M. at 484–85, 349 P.2d at 1047. Section 47–1–34—which provides that conveyances include all rights, unless a contrary intention is stated—is similarly unavailing. Although Section 47–1–34 suggests that the deed at issue in the present case disposed of all rights, that statute does nothing to illuminate the duration of the timber reservation. Both of these statutes merely enunciate rules of construction. Opposite rules of construction, such as the rule by which provisions in deeds are to be construed against the grantor, are available to balance against these general statutory principles. *See Hyder v. Brenton*, 93 N.M. 378, 381, 600 P.2d 830, 833 (Ct.App.1979) ("Provisions in a deed are to be construed against the grantor and in favor of the grantee[.]"). Accordingly, we conclude that Section 47–1–33 and Section 47–1–34 do not support the Marrujos' argument that the deed should be construed to confer perpetual rights.

{9} The Marrujos also argue that the reservation of timber rights to the grantors' "heirs and assigns" should be regarded as conclusive proof of an intention to establish a perpetual right. We disagree. The Marrujos cite *Smith*, which indicates that the term "heirs and assigns, forever" would have "clearly manifest[ed] an intention that the grantor should have a perpetual right to have the timber remain on the land." 317 P.2d at 223. We consider *Smith* to be distinguishable because the phrase "heirs and assigns, forever" provides insight into the intent of the parties. The term "forever" indicates an indefinite period of time, and that word is missing from the deed in the present case. As a result, *Smith* is not instructive. This Court has previously observed that "the phrase 'heirs and assigns' " was "traditionally used at common law merely to create an estate in land." *Luevano v. Group One*, 108 N.M. 774, 778, 779 P.2d 552, 556 (Ct.App. 1989). From this, we conclude that the reference to "heirs and assigns" in the deed at hand does not, in and of itself, establish the duration of the timber estate.

{10} We conclude that because the reservation of timber rights in the deed does

not clearly manifest a perpetual right, the Sandersons established a presumption that the parties did not intend for the reservation to be perpetual. As a result, the Sandersons met their burden on summary judgment, and the burden then shifted to the Marrujos to demonstrate the existence of specific evidentiary facts that would rebut the prima facie case. *See Cain v. Champion Window Co. of Albuquerque*, 2007–NMCA–085, ¶ 7, 142 N.M. 209, 164 P.3d 90. In order to meet this burden, the Marrujos submitted an affidavit to the district court, that listed a variety of assertions, including that (1) the purchase price of the subject property was diminished to reflect the reservation of timber rights, (2) the divorce of the grantors and the subsequent death of one grantor "delayed the determination of the ownership of the timber rights," (3) additional delays were caused by the Sandersons' efforts to deny the Marrujos access to the subject property, (4) the Sandersons made offers to purchase the Marrujos' rights, (5) some efforts at timber harvesting were made over the years, and (6) the Marrujos have visited the subject property on a regular basis since 1963. We conclude that the material contained in the Marrujos' affidavit fails to illuminate the intended duration of the reservation.

{11} First, the diminished purchase price merely indicates that the reserved timber was of value and does not reflect that the reservation would be perpetual. Second and third, the unspecified delays associated with divorce and death, as well as the Sandersons' more recent alleged efforts to preclude the Marrujos from entering the subject property, have no apparent bearing upon the intended duration of the timber reservation. Fourth, the fact that the Sandersons offered to purchase the Marrujos' rights suggests an interest in conclusively resolving the timber reservation issue; the offer says nothing about the original intent behind the reservation. Fifth, the limited and sporadic efforts to harvest timber over the years simply show that contracts were drafted, which *contemplated* the sale of timber. On only one occasion does any amount of timber, limited to two truckloads, appear to have been removed. These efforts do not bear upon the intended duration of the reservation in any

meaningful way. Sixth and finally, we fail to see how visits to the subject property by the successors-in-interest of the original grantors could be relevant to a determination of the originally intended duration of the timber reservation. For these reasons, we conclude that the affidavit does not contain any facts that genuinely illuminate the intended duration of the reservation. Because the Marrujos failed to demonstrate the existence of specific evidentiary facts that could rebut the presumption in favor of a limited timber estate, the district court properly concluded, as a matter of law, that the timber reservation remained in effect for a reasonable period of time only.

{12} If an estate in timber is limited to a reasonable period of time, failure to remove the timber in a timely fashion results in termination of the estate. *See Beal,* 66 N.M. at 484, 349 P.2d at 1046 (observing that failure to remove timber within the applicable time frame results in forfeiture or termination of the estate). The district court concluded that the roughly thirty-seven years that had elapsed since the reservation exceeded any reasonable period of time within which to perform timber harvesting activities and that, as a result, the reservation had been terminated. We agree. In *Beal,* our Supreme Court observed that the district court was "quite liberal" when it found that a ten-year period of time was a reasonable time frame within which to remove timber. *Id.* We note that *Beal* relied heavily on language contained in the timber contract and on pertinent evidence of the parties' course of conduct, *id.* at 483–84, 349 P.2d at 1046, and that there is no similar evidence in the case before us. Nevertheless, as a matter of law, we conclude that a period nearly four times longer than the time frame addressed in *Beal* would have allowed ample time for the timber to be removed and that the right is now expired. *See, e.g., Probst v. Young,* 187 Ark. 233, 59 S.W.2d 17, 18 (1933) (holding that a delay of fifteen years was unreasonable); *Smith,* 317 P.2d at 224–25 (holding, as a matter of law, that reasonable time within which to remove timber had expired after eighteen years, as well as cataloging cases to similar effect); *Altizer v. Jewell*

*Ridge Coal Corp.,* 157 Va. 1, 160 S.E. 47, 49–50 (1931) (holding that a reasonable time for removing timber had expired after a delay of twenty years); *Kalnoski v. Carlisle Lumber Co.,* 17 Wash.2d 662, 137 P.2d 109, 111–12 (1943) (holding that where no time frame was explicitly stated, sixteen years was not a reasonable time within which to remove timber); *Nelson v. McKinney,* 163 Wash. 529, 1 P.2d 876, 879 (1931) (holding that twenty-two years exceeded any reasonable time for removing timber). We therefore uphold the district court's determination that the timber reservation has terminated because the timber was not removed within a reasonable time.

## IV.   CONCLUSION

{13} We affirm the district court.

{14} **IT IS SO ORDERED.**

WE CONCUR: JAMES J. WECHSLER and MICHAEL E. VIGIL, Judges.